IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONALD T. CRAWFORD and PAULA M. CRAWFORD,<br><br>    Plaintiffs,<br><br>v.<br><br>ALETHES, LLC, FLAGSHIP CLOSING SERVICES, LLC; WACHOVIA BANK FKA FUND, and FICTITIOUS DEFENDANTS A, B, and C, being those unknown individuals, firms, partnerships, corporations or other entities, both singular and plural, who participated or assisted in the wrongful acts alleged in this complaint, and whose true names and legal identities are otherwise unknown at this time, but will be added by amendment when ascertained,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 3:07CV359-wha |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Wachovia

Bank, National Association ("Wachovia") (incorrectly named as Wachovia Bank FKA FUNB),

Alethes, LLC ("Alethes") (collectively "Defendants"), and Flagship Closing Services, LLC

("non-diverse Defendant" or "Flagship"), appearing specially so as to preserve any and all

defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses

under the federal laws of bankruptcy and specifically preserving the right to demand arbitration

pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and

hereby give notice of the removal of this action from the Circuit Court of Macon County,

1560413

Alabama, to the United States District Court, Middle District of Alabama, Eastern Division, and in support thereof, state as follows:

## INTRODUCTION

1.      Plaintiffs Ronald T. Crawford and Paula M. Crawford ("Plaintiffs") commenced this action by filing a complaint against Defendants and Flagship in the Circuit Court of Macon County, Alabama, Civil Action Number CV-07-25, which is a state court within this judicial district.

2.      In the Complaint, Plaintiffs purport to set forth claims for breach of contract, negligence, fraud, suppression, and interference with contract based upon Wachovia's alleged failure to pay $16,000 pursuant to a real estate contract.  Based upon the foregoing claims, Plaintiffs seek an unlimited amount of amount of compensatory and punitive damages, as well as attorney fees and costs.

3.      On or about April 4, 2007, Plaintiffs proffered a settlement demand to Wachovia for $125,000. (*See* Plaintiffs' April 4, 2007 Settlement Demand Letter, attached as Exhibit "A").

## GROUNDS FOR REMOVAL

### I.      DIVERSITY JURISDICTION

4.      This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)      Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)      Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

5.    This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

(a)    The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between -

(1)    citizens of different states. . .

A.    **Citizenship of the Parties.**

6.    There is complete diversity of citizenship between Plaintiffs, Wachovia, and Alethes, the only properly joined parties in this action.

7.    Plaintiffs are residents citizen of the State of Alabama.

8.    Wachovia is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of North Carolina.  Wachovia is not a citizen of Alabama.

9.    Alethes is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in the State of Texas. (*See* Alethes, LLC's Consent To Removal, attached as Exhibit "B").  Alethes is not a citizen of Alabama.

10.    Flagship is a corporation organized and existing under the laws of Alabama, but as demonstrated in detail below, Flagship has been fraudulently joined and, as such, its citizenship should be disregarded in determining the propriety of removal in the present action.

B.    **Fraudulent Joinder of the Non-Diverse Defendant.**

11.    Diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists because Flagship has been fraudulently joined.

12.     Though diversity jurisdiction generally mandates that "every plaintiff . . . be diverse from every defendant," *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996), federal courts in Alabama have specifically held that "[w]hen a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity jurisdiction." *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1256 (M.D. Ala. 2001) (citing *Tapscott*, 77 F.3d at 1360). Fraudulent joinder occurs where "there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Fowler v. Provident Life and Accident Insurance Co.*, 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

13.     This action is removable based on diversity of citizenship because Plaintiffs have fraudulently and improperly joined Flagship as a defendant is this action.  No possibility for a cause of action exists against Flagship and, thus, it has been fraudulently joined by Plaintiffs with Wachovia and Alethes in this action for the sole purpose of attempting to avoid and defeat diversity jurisdiction.

14.     Plaintiffs' claims are based upon injuries resulting from the alleged failure of Wachovia to pay Plaintiffs $16,000 pursuant to the December 30, 2005 real estate contract. (*See* Plaintiff's Complaint, ¶¶ 6-8).  Plaintiffs, however, waived any and all claims against Flagship by signing the February 22, 2006 HUD-1 Settlement Statement. (*See* Plaintiffs' February 22, 2006 HUD-1 Settlement Statement, attached as Exhibit "C").  The Settlement Statement does not list a $16,000 payment or credit from Wachovia to Plaintiffs.  *Id.*  Additionally, by signing the Settlement Statement, Plaintiffs affirmed that the Settlement Statement represented the proper disbursements and payments:

> I HAVE CAREFULLY REVIEWED THE HUD-1
> SETTLEMENT STATEMENT AND TO THE BEST OF MY
> KNOWLEDGE AND BELIEF, IT IS A TRUE AND ACCURATE
> STATEMENT OF ALL RECEIPTS AND DISBURSEMENTS
> MADE ON MY ACCOUNT OR BY ME IN THIS
> TRANSACTION.  I FURTHER CERTIFY THAT I HAVE
> RECEIVED A COPY OF THIS HUD-1 SETTLEMENT
> STATEMENT.

*Id.* (adding that "[t]his form is furnished to give you a statement of actual settlement costs, Amounts paid to and by the settlement agent are shown.").  Under Alabama law, Plaintiffs are imputed with the knowledge of the Settlement Statement by signing the document.  *Foremost Ins. Co. v. Parham*, 693 So. 2d 409 (Ala. 1997).  Moreover, the Settlement Statement clearly discloses that Plaintiffs were not intended to receive any money, but rather had to pay $2,159.91 at the closing.  (Exhibit "C").  Consequently, Plaintiffs acknowledged that they would not receive a $16,000 payment or credit from Wachovia in the transaction, and they further agreed that the Settlement Statement was "TRUE AND ACCURATE STATEMENT OF ALL RECEIPTS AND DISBURSEMENTS."  Plaintiffs clearly waived any claim to the alleged $16,000 payment or credit by agreeing to the terms of the Settlement Statement, which constitutes the final agreement between the themselves and Wachovia, and all of their claims asserted against Flagship fail as a matter of law.

15.     Moreover, the entire basis of Plaintiff's complaint is the December 30, 2005 contract between Plaintiffs and Wachovia.  Neither Alethes nor Flagship are parties to the contract.  Plaintiffs allege, however, that Flagship was the "agent" of Wachovia during the real estate closing. (Plaintiffs' Complaint, ¶ 10).  All of allegations against Flagship are based on Flagship performing the closing of Plaintiffs' transaction with Wachovia.  There are no allegations that Flagship participated in or committed any misrepresentations or toritious acts outside of its "alleged" agency status with Wachovia.

16.    Plaintiffs' allegation that Flagship is the agent of Wachovia, on which all of their claims against Flagship are based, fails as a matter of law based upon the transaction at issue. Per their complaint, Plaintiffs entered into a contract to buy a house from Wachovia on or about December 30, 2005.  To finance their purchase, Plaintiffs received a mortgage from Alethes, who employed Flagship to handle the transaction.  At no point in time did the closing attorney, Flagship, ever represent or serve as the agent of the seller, Wachovia. *See U.S. v. Paine*, 750 F. 2d 844, 854 (11th Cir. 1985) (noting that "[a]nalysis of the role played by the outside attorney who handles the loan closing indicates that the attorney's primary duty is to the Bank.").[1] Consequently, Flagship never, as a matter of law, served as Wachovia's agent, and all of Plaintiffs' claims relying on Flagship's agency status are nonexistent.  Flagship is clearly fraudulently joined in this matter because it was never the agent of Wachovia in the transaction at issue.

17.    Plaintiffs, however, still rely on their incorrect agency analysis to allege that Flagship (1) was negligent in that it failed "to adhere to the terms of the contract" between Wachovia and Plaintiffs, (2) committed fraud by omitting "from the closing statement the fact that Plaintiffs should receive either a credit or cash for $16,000," (3) suppressed the fact that Plaintiffs "would not receive the $16,000 repair costs," (4) "intentionally and unjustifiably

---

[1] "The closing attorney also performs other services for the Bank besides certifying the title: title examination, recordation of the mortgage instruments, and preparation of notes, deeds, financing statements, security agreements, and loan agreements. To be sure, these services also provide a benefit to the borrower. And it is the borrower who makes the final selection of an attorney and pays for his services. Nevertheless, it is the reliance on the attorney to fulfill the Bank's legal obligation to take only first liens which distinguishes between services which otherwise benefit the bank and the borrower equally. That the Bank makes only a partial choice of its attorney does not alter that the choice belongs to the Bank. Payment for the attorney's services ... merely represents an allocation of the costs of the loan. The borrower remains free to hire an attorney to represent his own interests in processing the loan application."

interfered with said contract or business relationship by not adhering to the terms and conditions of said contract." (Plaintiffs' Complaint, ¶¶ 17-49).

18.    Initially, Plaintiffs cannot assert a viable negligence claim against Flagship. Under Alabama law, a negligence claim must plead (1) a duty owed to Plaintiffs, (2) a breach of said duty to Plaintiffs, and (3) said breach proximately caused damages to Plaintiffs. *See Zanaty Realty, Inc.. v. Williams*, 935 So. 2d 1163, 1167 (Ala. 2005). Plaintiffs allege that Flagship "breached" its duty to Plaintiffs "by failing or refusing to adhere to the terms and conditions of the contract, which pertains to the Plaintiffs receiving $16,000 in repair costs." (*See* Plaintiffs' Complaint, ¶ 21). Flagship, however, is not a party to the contract, and therefore lacks any privity to Wachovia's obligations under the contract. Accordingly, Flagship never owed a duty to ensure that Wachovia paid or credited $16,000 to Plaintiffs. As such, Plaintiffs cannot assert a valid negligence claim against Flagship for Wachovia's alleged breach of contract.

19.    Plaintiffs also cannot assert a valid fraud claim against Flagship for allegedly "leaving off" the $16,000 from their Settlement Statement. Under Alabama law, a fraud claim requires Plaintiffs to establish (1) a false representation, (2) that the representation involved a material fact, (3) that Plaintiffs relied on the misrepresentation, and (4) Plaintiffs suffered damages based on the misrepresentation. *Baker v. Metropolitan Life Insur. Co.*, 907 So. 2d 419, 420 (Ala. 2005). Moreover, Plaintiffs must prove that their "reliance was reasonable in light of the facts surrounding the transaction in question." *Id.* at 421 (holding that in light of the conflict between [the] alleged misrepresentations and the documents presented to [plaintiff] when he entered into the transaction in question, it cannot be said that [plaintiff] reasonably relied on the" representation."). Plaintiffs, in essence, allege that they were defrauded because Flagship "failed,

refused, or omitted" the $16,000 from the closing statement which they "relied upon" to purchase and finance the property. (*See* Plaintiffs' Complaint, ¶¶ 32-33.).

Plaintiff's fraud claim fails on multiple levels. First, Flagship cannot make a representation to Plaintiffs by *omitting* an entry on a settlement statement.[2] Second, Plaintiffs cannot possibly "reasonably" rely on a provision in the statement that was omitted. Finally, Plaintiffs cannot establish the damages element of the claim because their alleged damages arise solely from their contractual relationship with Wachovia. "Proximate cause is an act or omission that in a natural and continuous sequence, unbroken by any new and independent causes, produces the injury and without which the injury would not have occurred." *See Crown Investments, Inc. v. Bryant*, 638 So. 2d 873, 878 (Ala. 1994). The injury at issue is Wachovia's alleged failure to pay $16,000, which clearly, in this matter, was not caused Flagship's alleged misrepresentation. Consequently, Plaintiffs' fraud claim fails as a matter of law because their complaint alleges that an omission rather than a "misrepresentation" took place, Plaintiffs cannot reasonably rely on an omitted provision, and because their "alleged" damages arise solely from Plaintiffs' contract with Wachovia.

20.     In spite of their invalid fraud claim, Plaintiffs alleged that Flagship "failed or refused to reveal to Plaintiffs that they would not receive the $16,000…[even though Flagship] was under a duty to communicate to Plaintiffs that they would not receive the 16,000". (*See* Plaintiffs' Complaint, ¶ 43). In Alabama, a valid suppression claim requires that "'(1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to his or her injury.'" *Brown v. K&V Automotive, Inc.*, 946 So. 2d 458, 465 (Ala. Civ. App. 2006) (*citations*

---

[2] Plaintiffs essentially assert a second "fraud by omission claim," which Plaintiffs plead in Count III of their complaint. 946 So. 2d at 465; *see* Ala. Code 1975§ 6-5-102.

*omitted*).  Initially, Defendants note that Flagship, as a matter of law, was the agent of Alethes, and thus owed no special duty to Plaintiffs.  Moreover, as Plaintiffs themselves allege, the $16,000 was taken off or "omitted" from their signed Settlement Statement, which they could have easily discerned.[3]  Consequently, Plaintiffs fail to plead a valid suppression claim because Flagship never owed a duty to Plaintiffs, Plaintiffs themselves could have easily discerned the lack of a $16,000 payment on the Settlement Statement by reading the documents they signed, and because Plaintiffs cannot be "induced," as a matter of law, to purchase the property based on the "omission" of a contractual provision in the Settlement Statement that they themselves requested.

21.    Plaintiffs' final allegation against Flagship asserts that Flagship "intentionally and unjustifiably interfered" with Plaintiffs' contract with Wachovia by "not adhering to the terms and conditions of said contract, which pertained to the Plaintiffs receiving $16,000 repair costs." (*See* Plaintiffs' Complaint, ¶ 49).  A valid intentional interference with a contract claim under Alabama law requires Plaintiffs to establish "(1) the existence of a contract; (2) knowledge of that contract on the part of the defendant; (3) intentional interference with that contract by the defendant; and (4) damage resulting from the interference." *Wehby v. Turpin*, 710 So. 2d 1243, 1251 (Ala. 1998).  Plaintiffs plead throughout their complaint that Wachovia allegedly failed to render payment of the $16,000 to Plaintiffs.  Wachovia's alleged non-payment, however, in no way implicates or implies that Flagship "interfered" with the real estate contract.  Plaintiffs do not allege Flagship failed to transfer the money after Wachovia tendered the $16,000.  Likewise, as mentioned above, Plaintiffs signed the Settlement Statement at closing, which reflected that

---

[3] 946 So. 2d at 465 ( "'A duty to disclose may arise from the particular circumstances of the case' … Those circumstances include '(1) the relationship of the parties; (2) the relative knowledge of the parties; (3) the value of the particular fact; (4) the plaintiff's opportunity to ascertain the fact; (5) the customs of the trade; and (6) other relevant circumstances.'"). (*citations omitted*)

$16,000 was not being paid our or credited. Plaintiffs' verification of the Settlement Statement is proof they were aware of and approved of the amounts being paid or not paid. *See Foremost*, 693 So. 2d 409. Consequently, Plaintiffs' claim for intentional interference with contract fails as a matter of law because the alleged actions of Flagship in no way affected or contributed to Wachovia's alleged breach of contract.

22.    Based on the foregoing, there is no possibility that Plaintiffs can prove a cause of action against Flagship. Accordingly, Flagship has been fraudulently joined in this action, and its citizenship should be disregarded for the purpose of determining diversity jurisdiction. As such, there is complete diversity of citizenship between Plaintiffs, Wachovia, and Alethes, the only properly joined parties in this action.

C.    **The Amount In Controversy Requirement is Satisfied in the Present Action.**

23.    Diversity jurisdiction's amount in controversy requirement is also satisfied. 28 U.S.C. § 1332.

24.    The amount in controversy in this action exceeds the $75,000 jurisdictional threshold notwithstanding Plaintiffs' refusal to specify damages in their Complaint. Plaintiff proffered a $125,000 settlement demand to Wachovia on or about April 4, 2007. (Exhibit "A") Pursuant to 28 U.S.C. § 1446(b) "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiffs' settlement demand clearly constitutes other paper pursuant to § 1446(b): "Since a settlement demand is necessarily part of the process for any action, whether pending in state or federal court, the 'part and parcel requirement' alone,

would not preclude considering a settlement negotiation letter as 'other paper.'" *Goldman Apple Management Co., Inc. v. GEAC Computers, Inc.*, 990 F. Supp. 1364, 1367 (M.D. Ala. 1998).

## ADOPTION AND RESERVATION OF DEFENSES

25.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the removing Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

26.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

27.     Federal jurisdiction exists under 28 U.S.C. § 1332, as this civil action is between citizens of different states, and the amount in controversy exceeds $75,000.

28.     True and correct copies of "all process, pleadings, and orders" are attached hereto as Exhibit "D" in conformity with 28 U.S.C. § 1446(a).  There are no other process, pleadings, or orders served upon Defendants to date in this case.

29.     This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.  This matter became removable on or about April 4, 2007, the date Plaintiffs' sent their $125,000 settlement demand to Wachovia.

30.     Defendants have heretofore sought no similar relief.

1560413                                      11

31.    The United States District Court for the Middle District of Alabama, Eastern Division, is the court and division embracing the place where this action is pending in state court.

32.    Defendants reserve the right to supplement their Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

33.    Contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of same with the clerk of the Circuit Court of Macon County, Alabama.  Written notice of the filing of this Notice of Removal has also been served upon Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Macon County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division.

Respectfully submitted,

_____

Victor Hayslip (HAY019)
William J. Long IV (LON044)

Attorneys for Defendant
Wachovia Bank, National Association

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing has been served on the following by directing same to the below-listed address through first-class, United States mail, postage prepaid, on this the 26th day of April, 2007:

Robert S. Thompson, Esq.
Tiffany N. Johnson, Esq.
The Law Offices of Robert Simms Thompson, P.C.
P.O. Box 830780
Tuskegee, AL 36083

OF COUNSEL

1560413                                        13

Apr. 4. 2007 11:20AM    The Law Offices of

# ROBERT SIMMS THOMPSON, P.C.
### ATTORNEY & COUNSELORS AT LAW
308 NORTH ELM STREET
P.O. BOX 830780
Tuskegee, Alabama 36083
E-MAIL: RSTPC @ AOL.COM

EXHIBIT

A

Tiffany N. Johnson, Associate
E-mail: TNIJohnson@aol.com
Admitted: Georgia & District of Columbia

TELEPHONE (334) 727-6463
Toll Free (888) 727-6463
Telecopier (334) 727-5746

VIA FAX TO:
205-458-5100

April 4, 2007

William J. Long
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

Re:    Ronald Crawford, et al., v. Alethes, LLC, et al.,
       Macon County Circuit Court CV 07-25

Dear William:

Thank you for your letter of April 2nd, confirming my settlement offer of $125,000.00 regarding the above. The only deadline associated with this offer is in the event we do not settle the case prior to starting discovery. The offer is of course rescinded.

Sincerely,

Robert Simms Thompson

RST:nls

LIVINGSTON OFFICE:
112 Marshall Street
P.O. Box 907
Livingston, AL 35470-0907
Telephone: (205) 652-6106

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| RONALD T. CRAWFORD and<br>PAULA M. CRAWFORD,<br><br>PLAINTIFFS,<br><br>VS.<br><br>ALETHES, LLC, et al.,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NUMBER: _____<br>)<br>)<br>)<br>) |

**ALETHES, LLC'S CONSENT TO REMOVAL AND**
**STATEMENT OF CITIZENSHIP VERIFICATION**

**Comes Now** the defendant Alethes, LLC ("Alethes"), by and through its undersigned counsel, and states the following:

1.    Alethes consents to the Notice of Removal of defendant Wachovia Bank.

2.    Alethes is a corporate entity organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas.

Dated this the 26th day of April 2007.

_____
Clyde E. Riley (ASB-3156-E65C)
Attorney for Alethes, LLC

OF COUNSEL:
Riley Law Firm
2175 11th Court South
Birmingham, Alabama 35205
(205) 212-5577
(205) 212-9001 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following, via U.S. Mail, properly addressed and postage prepaid on this 26th day of April, 2007:

Robert Simms Thompson, Esquire
Tiffany Ann Johnson
Law Office of Robert Simms Thompson
Post Office Box 830780
Tuskegee, Alabama 36083

Victor Hayslip, Esquire
William J. Long, IV, Esquire
Burr & Foreman, LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203

_____
OF COUNSEL

OMB NO. 2502-0265

| A. | | B. TYPE OF LOAN: | |
|---|---|---|---|
| **U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT** | | 1. ☐ FHA   2. ☐ FmHA   3. ☒ CONV. UNINS.   4. ☐ VA   5. ☐ CONV. INS. | |
| **SETTLEMENT STATEMENT** | | 6. FILE NUMBER:<br>06-0042 | 7. LOAN NUMBER:<br>3006021400 |
| | | 8. MORTGAGE INS CASE NUMBER: | |

C.  NOTE:  *This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(POC)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.*

1.0    3/86    (06-0042 PFD/06-0042/B)

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Ronald T. Crawford and<br>Paula M. Crawford<br>205 Edwards Drive<br>Tuskegee, AL 36083 | Wachovia Bank FKA Funb | Alethes, LLC<br>8601 RR 2222, Bldg. 1, Ste. 150<br>Auston, TX 78730 |

**EXHIBIT C**

| G. PROPERTY LOCATION: | H. SETTLEMENT AGENT: | I. SETTLEMENT DATE: |
|---|---|---|
| 205 Edwards Drive<br>Tuskegee, AL 36083<br>Macon County, Alabama | Flagship Closing Services, LLC<br><br>PLACE OF SETTLEMENT<br><br>6707 Taylor Circle<br>Montgomery, AL  36117 | February 22, 2006 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100.  GROSS AMOUNT DUE FROM BORROWER:** | | **400.  GROSS AMOUNT DUE TO SELLER:** | |
| 101.  Contract Sales Price | 77,000.00 | 401.  Contract Sales Price | 77,000.00 |
| 102.  Personal Property | | 402.  Personal Property | |
| 103.  Settlement Charges to Borrower (Line 1400) | 3,397.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106.  City/County Taxes          to | | 406.  City/County Taxes          to | |
| 107.  County Taxes          to | | 407.  County Taxes          to | |
| 108.  Assessments          to | | 408.  Assessments          to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120.  GROSS AMOUNT DUE FROM BORROWER** | 80,397.00 | **420.  GROSS AMOUNT DUE TO SELLER** | 77,000.00 |
| **200.  AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500.  REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201.  Deposit or earnest money | 750.00 | 501.  Excess Deposit (See Instructions) | |
| 202.  Principal Amount of New Loan(s) | 77,000.00 | 502.  Settlement Charges to Seller (Line 1400) | 6,180.00 |
| 203.  Existing loan(s) taken subject to | | 503.  Existing loan(s) taken subject to | |
| 204. | | 504.  Payoff of first Mortgage | |
| 205. | | 505.  Payoff of second Mortgage | |
| 206. | | 506.  Deposit retained by broker | 750.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210.  City/County Taxes          to | | 510.  City/County Taxes          to | |
| 211.  County Taxes  10/01/05  to  02/22/06 | 487.09 | 511.  County Taxes  10/01/05  to  02/22/06 | 487.09 |
| 212.  Assessments          to | | 512.  Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220.  TOTAL PAID BY/FOR BORROWER** | 78,237.09 | **520.  TOTAL REDUCTION AMOUNT DUE SELLER** | 7,417.09 |
| **300.  CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600.  CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301.  Gross Amount Due From Borrower (Line 120) | 80,397.00 | 601.  Gross Amount Due To Seller (Line 420) | 77,000.00 |
| 302.  Less Amount Paid By/For Borrower (Line 220) | (78,237.09) | 602.  Less Reductions Due Seller (Line 520) | 7,417.09 |
| **303.  CASH ( X FROM ) ( TO ) BORROWER** | 2,159.91 | **603.  CASH ( X TO ) ( FROM ) SELLER** | ( 69,582.91 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.
I HAVE CAREFULLY REVIEWED THE HUD-1 SETTLEMENT STATEMENT AND TO THE BEST OF MY KNOWLEDGE AND BELIEF, IT IS A TRUE AND ACCURATE STATEMENT OF ALL RECEIPTS AND DISBURSEMENTS MADE ON MY ACCOUNT OR BY ME IN THIS TRANSACTION.  I FURTHER CERTIFY THAT I HAVE RECEIVED A COPY OF THE HUD-1 SETTLEMENT STATEMENT.

Borrower  *Ronald T. Crawford*                    Seller
Ronald T. Crawford                                         Donna Whitney, Asst. Vice Pres. for Wachovia Bank FKA
*Paula M. Crawford*                                         Funb
Paula M. Crawford

TO THE BEST OF MY KNOWLEDGE, THE HUD-1 SETTLEMENT STATEMENT WHICH I HAVE PREPARED IS A TRUE AND ACCURATE ACCOUNT OF THE FUNDS WHICH WERE RECEIVED AND HAVE BEEN OR WILL BE DISBURSED BY THE UNDERSIGNED AS PART OF THE SETTLEMENT OF THIS TRANSACTION.  *Flagship Closing Services, LLC.*
Flagship Closing Services, LLC.
Settlement Agent

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM.  PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT.  FOR DETAILS SEE: TITLE 18 U.S. CODE SECTION 1001 & SECTION 1010.



**EXHIBIT D**

CV 07-25

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**CSC Lawyers Incorporating Srv. Inc.,
Agent for Wachovia Bank
150 South Perry Street
Montgomery, Alabama 36104**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X D Brown    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
D Brown    3/7/07

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 1820 0008 2730 0304

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

CV 07-25

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**National Registered Agents, Inc.,
Agent for Alethes
150 South Perry Street
Montgomery, Alabama 36104**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X D Brown    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
D Brown    3/7/07

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 1820 0008 2730 0298

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



UNITED STATES MONTGOMERY AL 360

07 MAR 2007 PM 4

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in box •

Macon County Circuit Court
David R. Love, Jr.
P.O. Box 830723
Tuskegee, AL 36083



UNITED STATES MONTGOMERY AL 360

07 MAR 2007 PM 4

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Macon County Circuit Court
David R. Love, Jr.
P.O. Box 830723
Tuskegee, AL 36083

| State of Alabama<br>Unified Judicial System | **SUMMONS - CIVIL** | **Case Number**<br>CV- 07 - 35<br>ID  YR   # |
|---|---|---|

## IN THE CIRCUIT COURT  OF MACON COUNTY, ALABAMA

Plaintiff(s) Ronald T. Crawford, et al.,       v.       Defendant(s) Wachovia Bank,
National Association

**NOTICE TO:  Wachovia Bank, Agent for Service, CSC Lawyers Incorporating Srv. Inc., 150 South Perry Street, Montgomery, Alabama 36104**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY ROBERT SIMMS THOMPSON WHOSE ADDRESS IS POST OFFICE BOX 830780, TUSKEGEE, ALABAMA  36083. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT OF DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐    To any Sheriff or any person authorized by either rules 4.1(b) (2) or 4.2(b) (2) or 4.4 (b)(2) of the Alabama Rules of Civil Procedure:  You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendants.

X    This service is by certified mail of this summons and is initiated upon the written request of Plaintiff(s) pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

3/6/07 _____    David Love, Jr. _____    By: S.m. ____
Date                               Clerk/Register

Plaintiff's Attorney

☐    Certified Mail is hereby requested.

**RETURN OF SERVICE:**

☐    Certified Mail return receipt received in this office on (Date)_____ (Return receipt hereto attached).

☐    I certify that I personally delivered a copy of the Summons and Complaint to _____ _____  in _____ County, Alabama, on (Date)_____.

_____        _____
Date                                Server's Signature

Address of Server:_____        Type of Server:_____

| State of Alabama | | Case Number |
|---|---|---|
| Unified Judicial System | SUMMONS - CIVIL | CV- 07 - 25 |
| | | ID  YR  # |

## IN THE CIRCUIT COURT  OF MACON COUNTY, ALABAMA

Plaintiff(s) Ronald T. Crawford, et al.,        v.        Defendant(s) Flagship Closing
                                                                                         Services, L.L.C.

NOTICE TO:  <u>Flagship, Agent for Service, Michael R. Holley, 5950 Carmichael Drive</u>
                        <u>Montgomery, Alabama 36117</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR
ATTORNEY ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN
ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT
TO THE PLAINTIFF'S ATTORNEY ROBERT SIMMS THOMPSON WHOSE ADDRESS IS
POST OFFICE BOX 830780, TUSKEGEE, ALABAMA  36083.  THIS ANSWER MUST BE
MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT
WERE DELIVERED TO YOU OR A JUDGMENT OF DEFAULT MAY BE ENTERED
AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS
COURT.

☐        To any Sheriff or any person authorized by either rules 4.1(b) (2) or 4.2(b) (2) or 4.4 (b)(2)
            of the Alabama Rules of Civil Procedure:  You are hereby commanded to serve this
            summons and a copy of the complaint in this action upon defendants.


X        This service is by certified mail of this summons and is initiated upon the written request of
           Plaintiff(s) pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

<u>3/6/07</u>                    <u>David Lovye</u>            By: <u>S.m.</u>
Date                           Clerk/Register

☐        Certified Mail is hereby requested.                    _____
                                                                                      Plaintiff's Attorney

RETURN OF SERVICE:

☐        Certified Mail return receipt received in this office on (Date)_____ (Return receipt
            hereto attached).

☐        I certify that I personally delivered a copy of the Summons and Complaint to _____
            _____  in _____ County, Alabama, on (Date)_____.


_____
            Date                                                          _____
                                                                                      Server's Signature

Address of Server:_____          Type of Server:_____

| State of Alabama | | Case Number |
| --- | --- | --- |
| Unified Judicial System | SUMMONS - CIVIL | CV- 07 - 35 |
| | | ID  YR  # |

### IN THE CIRCUIT COURT  OF MACON COUNTY, ALABAMA

Plaintiff(s) Ronald T. Crawford, et al.,        v.        Defendant(s) Alethes, LLC

NOTICE TO: <u>Alethes, LLC, Agent for Service, National Registered Agents, Inc., 150 South Perry Street, Montgomery, Alabama 36104</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY ROBERT SIMMS THOMPSON WHOSE ADDRESS IS POST OFFICE BOX 830780, TUSKEGEE, ALABAMA 36083.  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT OF DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐    To any Sheriff or any person authorized by either rules 4.1(b) (2) or 4.2(b) (2) or 4.4 (b)(2) of the Alabama Rules of Civil Procedure:  You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendants.

X    This service is by certified mail of this summons and is initiated upon the written request of Plaintiff(s) pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

3/6/07          David Love, Jr          By: S.Yn
Date            Clerk/Register

☐    Certified Mail is hereby requested.                    Plaintiff's Attorney

RETURN OF SERVICE:

☐    Certified Mail return receipt received in this office on (Date)_____ (Return receipt hereto attached).

☐    I certify that I personally delivered a copy of the Summons and Complaint to _____ _____ in _____ County, Alabama, on (Date)_____.

_____          _____
Date                          Server's Signature

Address of Server:_____          Type of Server:_____

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | | |
|---|---|---|
| RONALD T. CRAWFORD and | ) | |
| PAULA M. CRAWFORD | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _07-25_ |
| | ) | |
| ALETHES, LLC, FLAGSHIP CLOSING | ) | |
| SERVICES, LLC; WACHOVIA | ) | |
| BANK FKA FUNB; et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT, ALETHES, LLC

---

Plaintiffs in the above styled matter and, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propounding the following interrogatories upon Defendant ALETHES, LLC to be answered and responded to within the time and manner prescribed by law:

1.    State the full legal name, address and job title of the Alabama employee of this Defendant who is best qualified to testify as to the type of information relating to this Defendant's mortgage or loan servicing business in the State of Alabama, as well as to how easily said information may be retrieved.  If you state that no Alabama employee of this Defendant is qualified to testify to said information, please state the full legal name, address and job title of the person or persons, wherever located, who is or are best qualified to testify as to such information.

2.    Identify each person, now known to you, who was a witness to or may have information relating to the allegations and incidents made the basis of this complaint.

3.    State the names of all employees or agents of this Defendant who had any contact

1

with the Plaintiff at any time and describe any conversation they had.

4.    Please state the name, address and job title of any and all persons associated with this Defendant, who participated in or has knowledge of the servicing of their mortgage or loan made the subject of this case, along with a detailed description of their participation.

5.    If this Defendant has been contacted either orally or in writing by Plaintiffs or by someone on behalf of Plaintiffs, please state the date of such communication, and what was said or written.

6.    Please state the name of any liability insurance company that provides coverage relating to any portions of this Complaint, stating also the amount of coverage.

7.    Please state what steps this Defendant took to investigate Plaintiffs' claims that they did not receive the $16,000.00 in repair costs promised them by seller, Wachovia Bank FKA Funb, prior to closing of title of real estate management property located in Macon County, Alabama.

8.    Please describe in detail any and all discussions between the Plaintiffs and any of the Defendant's agents, employees or representatives which concerned or addressed the $16,000.00 repair costs or closing of title of said real estate.

2

9.    Please explain in detail the reason(s) for not ensuring that prior to closing of title of said real estate management property, you did not ensure that the Plaintiffs received the repair costs promised them by seller.

10.    Please identify any defendant or potential defendant to this lawsuit not already named.

11.    Please state the relationship between this Defendant and each and every other Defendant.

12.    Are any documents being withheld in regard to Plaintiffs or the claims in this lawsuit from any files maintained by this Defendant?  If so, identify each document, its location, and the basis for non-production.

13.    Are there any electronic communications (computer or otherwise) concerning Plaintiffs' claim(s) that this Defendant has not printed and produced?  If so, identify each document, its location and the basis for non-production

14.    Has Defendant been sued under its correct name?  If not, please state the correct name of the Defendant's corporate entity.

15.    Identify the person, by name and address, whose signature appears on Exhibit A attached hereto.  Include in your response whether said person was an agent, servant, and/or

3

employee of Alethes, LLC.

      16.    Please state why this defendant has not paid Plaintiff the $16,000.00 owed them under their contract which makes the basis of this lawsuit.

Respectfully Submitted,

_____

ROBERT S. THOMPSON ( THO039)
TIFFANY N. JOHNSON (JOH173)
Attorneys for Plaintiff

**OF COUNSEL:**
Law Offices of Robert Simms Thompson, P.C.
308 North Elm Street
Tuskegee, Alabama 36083
(334) 727-6463
(334) 727-5746 fax

4



*Johnson*

**COUNTER OFFER/ADDENDUM** Loan # 0549010229188399

THIS IS INTENDED TO BE A LEGALLY BINDING AGREEMENT.
READ IT CAREFULLY

US [logo]
US Real Estate Services
28461 Constellation Dr
Lake Forest, CA 92630
Corporate ........  (949) 900-9930
Fax ..................  (949) 900-9960

Reference is made to this Real Estate Purchase Contract and receipt for deposit dated December 09, 2005 pertaining to the Real Property known as 206 Elfand Dr., Tuskegee, AL 36083 made between MR. & MRS. RONALD T. & PAULA M. CRAWFORD, hereinafter referred to as a "Buyer", and Wachovia Bank FKA Funb, "Seller".

Sales price to be $77,000. Sale to close 30 calendar days from date of Seller's signed acceptance on this counter offer addendum, or sooner by written mutual agreement. Buyer agrees to pay $30.00 per diem if transaction does not close as stated above by no fault of the Seller. If an addendum is requested by Buyer a non-refundable deposit will be required. Buyer to complete all inspections within 10 calendar days from Seller's signed agreement. This offer is subject to final Investor/Seller approval. Seller will credit buyer up to $ 4,000.00 in closing costs. Repair √ Costs of $ 16,000. Earnest deposit to be $100.   This property is currently in a multiple offer situation and the seller reserves the right to accept/reject the offer they deem best.

Standard clauses to be made a permanent part of this contract
- Buyer's minimum deposit amount to be the greater of 1% of sales price or $500.00.
- Buyer(s) agrees to deliver to Seller/Seller's agent signed purchase contract and Addenda within 4 (four) calendar days of Buyer's signature.
- Seller will not pay for nor credit Buyer(s) for VA, FHA or other loan/financing costs or fees; nor will they pay for or credit any other costs, fees, survey, home warranty plan, inspections or repairs unless otherwise stated and defined above.
- This contract cannot be extended or assigned without prior written approval from Seller. Seller will not provide financing. Property taxes shall be prorated to day of closing.
- It is understood between Buyer(s) and Seller that this property is being sold in "What-is, As-Is" condition with no Seller representations or warranties; expressed or implied, by the Seller, Wachovia Bank FKA Funb, ReaNet or the local listing agent.
- Buyer(s) to sign Seller's Addenda to be made part of original contract.
- Seller to advise who will have a choice of Title/Escrow/Closing entity once property is under contract.
- In the event of a per diem charge, Buyer authorizes Seller to debit their escrow deposit to cover said charge(s).

Unless this counter offer is accepted by the Buyer(s) by December 30, 2005 this offer shall be deemed revoked. Seller reserves the right to continue to market said property and accept any contract of Seller's choosing prior to Seller's written acceptance of contract and counter offer/addendum(s).

This transaction is subject to acceptance and execution of the original purchase contract/ sales agreement and this counter offer addendum by Wachovia Bank FKA Funb, "Seller".

All other terms and conditions shall remain the same. This counter offer addendum supersedes all other counter offer addenda and the purchase contract/sales agreement. This counter offer addendum is accepted by the Buyer(s) and the Seller, as evidenced by Buyer(s) and Seller's signature hereon. This counter offer addendum shall hereby become part of the above referenced contract between the parties.

Acceptance: Buyer(s) accepts the above counter offer and acknowledges receipt thereof.

X _Ronald Flint_                    Date _12-/30-05_
X _Paula M. Crawford_               Date _12/30/05_                   9:25a
Buyer

Acceptance: Seller accepts the above counter offer and acknowledges receipt thereof.
Wachovia Bank FKA Funb

By: _Donald Whitney_                _1/1/06_

_Assistant Vice President_

PLAINTIFF'S
EXHIBIT
A

## IN THE CIRCUIT COURT FOR MACON COUNTY, ALABAMA

| | |
|---|---|
| RONALD T. CRAWFORD and | * |
| PAULA M. CRAWFORD | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| ALETHES, LLC; FLAGSHIP | * |
| CLOSING SERVICES, LLC; | * |
| WACHOVIA BANK FKA FUNB; et al., | * |
| | * |
| | * |
| Defendants. | * |

CIVIL ACTION NO. CV 07 -25

---

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, ALTHES, LLC

Plaintiffs in the above-styled cause of action, and pursuant to the *Alabama Rules of Civil Procedure* request from Defendant, Althes, LLC the following documents and/or things:

1.      Any and all documents that in any way relate to Plaintiffs.

2.      Any and all mortgage files regarding Plaintiffs.

3.      Complete and legible copies of any records of payments made by or on behalf of Plaintiffs to any of the Defendants.

4.      All procedural manuals, operational manuals, or other documents of whatever kind which direct or instruct agents, servants or employees with respect to responsibilities concerning Plaintiffs' mortgage.

5.      Copies of all files maintained by this company regarding Plaintiffs' mortgage, including in your response where said files are kept, and the full name, title, address and telephone number of the person whose custody said files are in.

6.      All correspondence between Plaintiffs and this Defendant.

7.     All correspondence between this Defendant and any other Defendant(s) regarding Plaintiffs, their mortgage, and/or any of the allegations made the basis of this complaint.

8.     All notes and/or transcribed recordings of any telephone conversation between this Defendant and/or any agent, servant or employee of any other Defendant regarding the mortgage which makes the basis of this complaint.

9.     All notes and/or transcribed recordings of any telephone conversation between this Defendant and Plaintiffs regarding the mortgage which makes the basis of this complaint.

10.    All documents which Defendant intends to introduce as exhibits at the trial of this case.

11.    Any and all documents that were relied on in answering the interrogatories propounded to this Defendant in this lawsuit.

Respectfully Submitted,

ROBERT S. THOMPSON ( THO039)
TIFFANY N. JOHNSON (JOH173)
Attorneys for Plaintiff

**OF COUNSEL:**
Law Offices of Robert Simms Thompson, P.C.
308 North Elm Street
Tuskegee, Alabama 36083
(334) 727-6463

2

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RONALD T. CRAWFORD and )
PAULA M. CRAWFORD )
         )
      Plaintiffs, )
         )
v. )    CIVIL ACTION NO. C J O7 - 2S
         )
ALETHES, LLC, FLAGSHIP CLOSING )
SERVICES, LLC; WACHOVIA )
BANK FKA FUNB; et al., )
         )
      Defendants. )

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, FLASGSHIP CLOSING SERVICES, LLC

---

      Plaintiffs in the above styled matter and, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propounding the following interrogatories upon Defendant Flagship Closing Services, LLC to be answered and responded to within the time and manner prescribed by law:

      1.     State the full legal name, address and job title of the Alabama employee of this Defendant who is best qualified to testify as to the type of information relating to this Defendant's mortgage or loan servicing business in the State of Alabama, as well as to how easily said information may be retrieved. If you state that no Alabama employee of this Defendant is qualified to testify to said information, please state the full legal name, address and job title of the person or persons, wherever located, who is or are best qualified to testify as to such information.

      2.     Identify each person, now known to you, who was a witness to or may have information relating to the allegations and incidents made the basis of this complaint.

      3.     State the names of all employees or agents of this Defendant who had any contact

1

with the Plaintiff at any time and describe any conversation they had.

4.    Please state the name, address and job title of any and all persons associated with this Defendant, who participated in or has knowledge of the servicing of their mortgage or loan made the subject of this case, along with a detailed description of their participation.

5.    If this Defendant has been contacted either orally or in writing by Plaintiffs or by someone on behalf of Plaintiffs, please state the date of such communication, and what was said or written.

6.    Please state the name of any liability insurance company that provides coverage relating to any portions of this Complaint, stating also the amount of coverage.

7.    Please state what steps this Defendant took to investigate Plaintiffs' claims that they did not receive the $16,000.00 in repair costs promised them by seller, Wachovia Bank FKA Funb, prior to closing of title of real estate management property located in Macon County, Alabama.

8.    Please describe in detail any and all discussions between the Plaintiffs and any of the Defendant's agents, employees or representatives which concerned or addressed the $16,000.00 repair costs or closing of title of said real estate.

2

9.      Please explain in detail the reason(s) for not ensuring that prior to closing of title of said real estate management property, you did not ensure that the Plaintiffs received the repair costs promised them by seller.

10.     Please identify any defendant or potential defendant to this lawsuit not already named.

11.     Please state the relationship between this Defendant and each and every other Defendant.

12.     Are any documents being withheld in regard to Plaintiffs or the claims in this lawsuit from any files maintained by this Defendant?  If so, identify each document, its location, and the basis for non-production.

13.     Are there any electronic communications (computer or otherwise) concerning Plaintiffs' claim(s) that this Defendant has not printed and produced?  If so, identify each document, its location and the basis for non-production

14.     Has Defendant been sued under its correct name? If not, please state the correct name of the Defendant's corporate entity.

15.     Identify the person, by name and address, whose signature appears on Exhibit A attached hereto.  Include in your response whether said person was an agent, servant, and/or

3

employee of Flagship Closing Services, LLC.

16.    Please state why this defendant has not paid Plaintiff the $16,000.00 owed them under their contract which makes the basis of this lawsuit.

17.    Please state why the $16,000.00 that Defendant Wachovia agreed to pay Plaintiff for repairs was omitted from the Settlement Statement attached hereto as Exhibit B.

18.    Identify the person, by name and address, whose signature appears on Exhibit B attached hereto.  Include in your response whether said person was an agent, servant, and/or employee of Flagship Closing Services, LLC.

Respectfully Submitted,

ROBERT S. THOMPSON ( THO039)
TIFFANY N. JOHNSON (JOH173)
Attorneys for Plaintiff

**OF COUNSEL:**
Law Offices of Robert Simms Thompson, P.C.
308 North Elm Street
Tuskegee, Alabama 36083
(334) 727-6463
(334) 727-5746 fax

4



COUNTER OFFER/ADDENDUM Loan # 0549019224916099

THIS IS INTENDED TO BE A LEGALLY BINDING AGREEMENT
READ IT CAREFULLY

Reference is made to the Real Estate Purchase Contract and receipt for deposit dated December 09, 2005 pertaining to the Real Property known as 209 Edward Dr., Tuskegee, AL 36083 made between MR. & MRS. RONALD F. & PAULA M. CRAWFORD, hereinafter referred to as "Buyer", and Wachovia Bank FKA Fubb "Seller".

Sales price to be $77,000. Sale to close 30 calendar days from date of Seller's signed acceptance on this counter offer addendum, or sooner by written mutual agreement. Buyer agrees to pay $30.00 per diem if transaction does not close as stated above by no fault of the Seller. If an extension is requested by Buyer a nonrefundable deposit will be required. Buyer to complete all inspections within 10 calendar days from Seller's signed acceptance. This offer is subject to final Investor/Seller approval. Seller will credit Buyer up to $ 4,000.00 in closing costs. Fixed Costs of $15,000. Earnest deposit to be $750.    This property is currently in a multiple offer situation and the seller reserves the right to accept/accept the offer they deem best.

Standard clauses to be made a permanent part of this contract.
- Buyer's minimum deposit amount is to be the greater of 1% of sales price or $500.00.
- Buyer(s) agrees to deliver to Seller/Seller's agent signed purchase contract and Addenda within 4 (four) calendar days of Buyer's signature.
- Seller will not pay for nor credit Buyer(s) for VA, FHA or other loan/financing costs or fees; nor will they pay for or credit any other costs, fees, survey, home warranty plan, inspections or repairs unless otherwise stated and defined above.
- This contract cannot be extended or assigned without prior written approval from Seller. Seller will not provide financing. Property taxes shall be prorated to day of closing.
- It is understood between Buyer(s) and Seller that this property is being sold in "Where-is, As-is" condition with no Seller representations or warranties, expressed or implied, by the Seller, Wachovia Bank FKA Fubb, Realtor or the local listing agent.
- Buyer(s) to sign Seller's Addenda to be made part of or final contract
- Seller to advise who will have choice of Title/Escrow/Closing entity once property is under contract.
- In the event of a per diem charge, Buyer authorizes Seller to debit their earnest deposit to cover said charge(s).

Unless this counter offer is accepted by the Buyer(s) by December 30, 2005 this offer shall be deemed revoked. Seller reserves the right to continue to market said property and accept any contract of Seller's choosing prior to Seller's written acceptance of contract and counter offer/addendum(s).

This transaction is subject to acceptance and execution of the original purchase contract/sales agreement and this counter offer addendum by Wachovia Bank FKA Fubb, "Seller".

All other terms and conditions shall remain the same. This counter offer addendum supersedes all other counter offer addenda and the purchase contract/sales agreement. This counter offer addendum is accepted by the Buyer(s) and the Seller, as evidenced by Buyer(s) and Seller's signature hereon. This counter offer addendum shall hereby become part of the above referenced contract between the parties.
Acceptance: Buyer(s) accepts the above counter offer and acknowledges receipt thereof.

_____   12-130-05
_____   12/10/05        9:25a
Buyer                   Date

Acceptance: Seller accepts the above counter offer and acknowledges receipt thereof.
Wachovia Bank FKA Fubb

By _____   11/7/06

Assistant Vice President



OMB NO. 2502-0265

| A. | | |
|---|---|---|
| U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT | | B. TYPE OF LOAN: |
| **SETTLEMENT STATEMENT** | 1. ☐ FHA   2. ☐ FmHA   3. ☒ CONV. UNINS.   4. ☐ VA   5. ☐ CONV. INS. | |
| | 6. FILE NUMBER: 06-0042 | 7. LOAN NUMBER: 3006021400 |
| | 8. MORTGAGE INS CASE NUMBER: | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

1.0   3/08   (08-0042.PFD/06-0042/8)

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Ronald T. Crawford and Paula M. Crawford 205 Edwards Drive Tuskegee, AL 36083 | Wachovia Bank FKA Funb | Alethes, LLC 8601 RR 2222, Bldg. 1, Ste. 150 Austin, TX 78730 |

| G. PROPERTY LOCATION: | H. SETTLEMENT AGENT: | I. SETTLEMENT DATE: |
|---|---|---|
| 205 Edwards Drive Tuskegee, AL 36083 Macon County, Alabama | Flagship Closing Services, LLC  PLACE OF SETTLEMENT  6707 Taylor Circle  Montgomery, AL 36117 | February 22, 2006 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | 77,000.00 | 401. Contract Sales Price | 77,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 3,397.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/County Taxes          to | | 406. City/County Taxes          to | |
| 107. County Taxes          to | | 407. County Taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 80,397.00 | **420. GROSS AMOUNT DUE TO SELLER** | 77,000.00 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | 750.00 | 501. Excess Deposit (See instructions) | |
| 202. Principal Amount of New Loan(s) | 77,000.00 | 502. Settlement Charges to Seller (Line 1400) | 6,180.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first Mortgage | |
| 205. | | 505. Payoff of second Mortgage | |
| 206. | | 506. Deposit retained by broker | 750.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/County Taxes          to | | 510. City/County Taxes          to | |
| 211. County Taxes   10/01/05  to  02/22/06 | 487.09 | 511. County Taxes   10/01/05  to  02/22/06 | 487.09 |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 78,237.09 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 7,417.09 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 80,397.00 | 601. Gross Amount Due To Seller (Line 420) | 77,000.00 |
| 302. Less Amount Paid By/For Borrower (Line 220) | ( 78,237.09 ) | 602. Less Reductions Due Seller (Line 520) | ( 7,417.09 ) |
| **303. CASH ( X FROM) ( TO) BORROWER** | 2,159.91 | **603. CASH ( X TO) ( FROM) SELLER** | 69,582.91 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.
I HAVE CAREFULLY REVIEWED THE HUD-1 SETTLEMENT STATEMENT AND TO THE BEST OF MY KNOWLEDGE AND BELIEF, IT IS A TRUE AND ACCURATE STATEMENT OF ALL RECEIPTS AND DISBURSEMENTS MADE ON MY ACCOUNT OR BY ME IN THIS TRANSACTION. I FURTHER CERTIFY THAT I HAVE RECEIVED A COPY OF THE HUD-1 SETTLEMENT STATEMENT.

Borrower  _Ronald T. Crawford_                         Seller  _____
Ronald T. Crawford                                      Donna Whitney, Asst. Vice Pres. for Wachovia Bank FKA
_Paula M. Crawford_                                     Funb
Paula M. Crawford

TO THE BEST OF MY KNOWLEDGE, THE HUD-1 SETTLEMENT STATEMENT WHICH I HAVE PREPARED IS A TRUE AND ACCURATE ACCOUNT OF THE FUNDS WHICH WERE RECEIVED AND HAVE BEEN OR WILL BE DISBURSED BY THE UNDERSIGNED AS PART OF THE SETTLEMENT OF THIS TRANSACTION.
_____
Flagship Closing Services, LLC
Settlement Agent

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE: TITLE 18 U.S. CODE SECTION 1001 & SECTION 1010.



PLAINTIFF'S EXHIBIT B

Page 2

## L. SETTLEMENT CHARGES

| 700. TOTAL COMMISSION Based on Price | | $ | @ | % | 3,850.00 | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|---|---|
| Division of Commission (line 700) as Follows: | | | | | | | |
| 701. $ 1,540.00 | to NS/VEST/4/U/1 Realty | | | | | | |
| 702. $ 2,310.00 | to Southern Realty | | | Less Deposit Retained | 750.00 | | |
| 703. Commission Paid at Settlement | | | | | | | |
| 704. Home Warranty | | | to | | | | 3,100.00 |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | | | | |
| 801. Loan Origination Fee | 1.0000 % | to Alabama Financial | | | | 770.00 | |
| 802. Loan Discount | % | to Alethes, LLC | | | | | |
| 803. Appraisal Fee | | to Alethes, LLC FBO Iverson Gandy POC $400.00 | | | | | |
| 804. Credit Report | | to Alethes, LLC FBO Credco POC $30.00 | | | | | |
| 805. Underwriting Fee | | to Alethes, LLC | | | | | |
| 806. Tax Service Fee | | to | | | | 495.00 | |
| 807. Flood Certification Fee | | to | | | | | |
| 808. Processing Fee | | to Alabama Financial | | | | | |
| 809. Document Prep Fee | | to Alethes, LLC | | | | | 499.00 |
| 810. Courier Fee | | | | | | | 300.00 |
| 811. Yield Spread Premium | | Alabama Financial by Alethes POC $770.00 | | | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | | | | |
| 901. Interest From 02/22/06 to 03/01/06 @ $ 17.650000/day ( 7 days %) | | | | | | 123.55 | |
| 902. Mortgage Insurance Premium for months to | | | | | | | |
| 903. Hazard Insurance Premium for 1.0 years to Robinson Bryant | | | | | | | |
| 904. | | | | | | 725.00 | |
| 905. | | | | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | | | | | |
| 1001. Hazard Insurance | 3.000 months @ $ | 60.42 per month | | | | | |
| 1002. Mortgage Insurance | months @ $ | 268.22 per month | | | | 181.26 | |
| 1003. City/County Taxes | months @ $ | per month | | | | | |
| 1004. County Taxes | 7.000 months @ $ | 102.89 per month | | | | | |
| 1005. Assessments | months @ $ | per month | | | | 720.23 | |
| 1006. | months @ $ | per month | | | | | |
| 1007. | months @ $ | per month | | | | | |
| 1008. Aggregate Adjustment | months @ $ | per month | | | | | |
| **1100. TITLE CHARGES** | | | | | | -411.54 | |
| 1101. Settlement or Closing Fee | to Flagship Closing Services, LLC | | | | | | |
| 1102. Abstract or Title Search Rev. | to Stephens,Millirons, Hammons, & Garrison, PC | | | | | | 350.00 |
| 1103. Express Mail | to Flagship Closing Services, LLC | | | | | | 340.00 |
| 1104. Title Insurance Binder | to and title insurance processing to FCS | | | | | | 25.00 |
| 1105. Document Preparation | to | | | | | | |
| 1106. Attorney's Fee | to Stephens, Millirons,Harrison & Gammons | | | | | | |
| 1107. **Attorney's Fees for Prep. | to of Legal Documents | | | | | | 300.00 |
| (includes above item numbers: | | | | | | | |
| 1108. Title Insurance | to Fidelity National Title Insurance Company | | ) | | | | |
| (includes above item numbers:1104 | | | ) | | | | 319.50 |
| 1109. Lender's Coverage | $ 77,000.00 | 50.00 | | | | | |
| 1110. Owner's Coverage | $ 77,000.00 | 269.50 | | | | | |
| 1111. | | | | | | | |
| 1112. | | | | | | | |
| 1113. | | | | | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | | | | |
| 1201. Recording Fees: Deed $ 14.00; Mortgage $ 56.50; Releases $ | | | | | | | 70.50 |
| 1202. City/County Tax/Stamps: Deed | ; Mortgage | | | | | | |
| 1203. State Tax/Stamps: Revenue Stamps | ; Mortgage 115.50 | | | | | 23.50 | 92.00 |
| 1204. Record Lein Waver | to Judge of Probate | | | | | | 14.00 |
| 1205. | | | | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | | | | |
| 1301. Survey | to | | | | | | |
| 1302. Pest Inspection | to | | | | | | |
| 1303. Additional Commission | to US Real Estate Services, Inc. | | | | | | 770.00 |
| 1304. Doc Prep Fee/ Cancellation Fee | to Lateefah Muhammad, PC | | | | | 770.00 | |
| 1305. | | | | | | | |
| **1400. TOTAL SETTLEMENT CHARGES (Enter on Lines 103, Section J and 502, Section K)** | | | | | | 3,397.00 | 6,180.00 |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two-page statement.

Flagship Closing Services, LLC
Settlement Agent

Certified to be a true copy.

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RONALD T. CRAWFORD and )
PAULA M. CRAWFORD )
                                 )

       Plaintiffs, )
                                   )

v. )     CIVIL ACTION NO. CV 07-25
                                   )

ALETHES, LLC, FLAGSHIP CLOSING )
SERVICES, LLC; WACHOVIA )
BANK FKA FUNB; et al., )
                                   )

       Defendants. )

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, WACHOVIA BANK FKA FUNB

---

       Plaintiffs in the above styled matter and, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propounding the following interrogatories upon Defendant Wachovia Bank FKA FUNB to be answered and responded to within the time and manner prescribed by law:

       1.     State the full legal name, address and job title of the Alabama employee of this Defendant who is best qualified to testify as to the type of information relating to this Defendant's mortgage or loan servicing business in the State of Alabama, as well as to how easily said information may be retrieved. If you state that no Alabama employee of this Defendant is qualified to testify to said information, please state the full legal name, address and job title of the person or persons, wherever located, who is or are best qualified to testify as to such information.

       2.     Identify each person, now known to you, who was a witness to or may have information relating to the allegations and incidents made the basis of this complaint.

       3.     State the names of all employees or agents of this Defendant who had any contact

1

with the Plaintiff at any time and describe any conversation they had.

4.  Please state the name, address and job title of any and all persons associated with this Defendant, who participated in or has knowledge of the servicing of their mortgage or loan made the subject of this case, along with a detailed description of their participation.

5.  If this Defendant has been contacted either orally or in writing by Plaintiffs or by someone on behalf of Plaintiffs, please state the date of such communication, and what was said or written.

6.  Please state the name of any liability insurance company that provides coverage relating to any portions of this Complaint, stating also the amount of coverage.

7.  Please state what steps this Defendant took to investigate Plaintiffs' claims that they did not receive the $16,000.00 in repair costs promised them by seller, Wachovia Bank FKA Funb, prior to and/or following the closing of title of real estate management property located in Macon County, Alabama.

8.  Please describe in detail any and all discussions between the Plaintiffs and any of the Defendant's agents, employees or representatives which concerned or addressed the $16,000.00 repair costs or closing of title of said real estate.

9.    Please explain in detail the reason(s) for not ensuring that prior to closing of title of said real estate management property, you did not ensure that the Plaintiffs received the repair costs promised them by seller.

10.    Please identify any defendant or potential defendant to this lawsuit not already named.

11.    Please state the relationship between this Defendant and each and every other Defendant.

12.    Are any documents being withheld in regard to Plaintiffs or the claims in this lawsuit from any files maintained by this Defendant?  If so, identify each document, its location, and the basis for non-production.

13.    Are there any electronic communications (computer or otherwise) concerning Plaintiffs' claim(s) that this Defendant has not printed and produced?  If so, identify each document, its location and the basis for non-production

14.    Has Defendant been sued under its correct name? If not, please state the correct name of the Defendant's corporate entity.

15.    Identify the person, by name and address, whose signature appears on Exhibit A

3

attached hereto. Include in your response whether said person was an agent, servant, and/or employee of Defendant Wachovia.

16.   Please state why this defendant has not paid Plaintiff the $16,000.00 owed them under their contract which makes the basis of this lawsuit.

Respectfully Submitted,

ROBERT S. THOMPSON ( THO039)
TIFFANY N. JOHNSON (JOH173)
Attorneys for Plaintiff

**OF COUNSEL:**
Law Offices of Robert Simms Thompson, P.C.
308 North Elm Street
Tuskegee, Alabama 36083
(334) 727-6463
(334) 727-5746 fax

4

COUNTER OFFER/ADDENDUM Loan # 0549D192231809_   *Johnson*   

THIS IS INTENDED TO BE A LEGALLY BINDING AGREEMENT
READ IT CAREFULLY

Reference is made to the Real Estate Purchase Contract and receipt for deposit dated December 09, 2005 pertaining to the Real Property known as 206 Edward Dr., Tuskegee, AL 36083 made between MR. & MRS. RONALD T. & PAULA M. CRAWFORD, hereafter referred to as "Buyer", and Wachovia Bank FKA Funb "Seller".

Sales price to be $77,000. Sale to close 30 calendar days from date of Seller's signed acceptance on this counter offer addendum, or sooner by written mutual agreement. Buyer agrees to pay $30.00 per diem if transaction does not close as stated above by no fault of the Seller. If an extension is requested by Buyer a non-refundable deposit will be required. Buyer to complete an inspection within 10 calendar days from Seller's signed acceptance. This offer is subject to final investor/Seller approval. Seller will credit buyer up to $ 4,000.00 in closing costs. Repair Costs of $ 10,000. Earnest deposit to be $150.   This property is currently in a multiple offer situation and the seller hereby res right to accept/appeal the offer they deem best.

Standard clauses to be made a permanent part of this contract

- Buyer's minimum deposit amount to be the greater of 1% of sales price or $500.00.
- Buyer(s) agree to deliver to Seller/Seller's agent signed purchase contract and Addenda within 4 (four) calendar days of Buyer's signature.
- Seller will not pay for nor credit Buyer(s) for VA, FHA or other loan/financing costs or fees; nor will they pay for or credit any other costs, fees, survey, home warranty plan, inspections or repairs unless otherwise stated and defined above.
- This contract cannot be extended or assigned without prior written approval from Seller. Seller will not provide financing. Property taxes shall be prorated to day of closing.
- It is understood between Buyer(s) and Seller that this property is being sold in "Where-is, As-is" condition with no Seller representations or warranties; expressed or implied, by the Seller, Wachovia Bank FKA, FleetNet or the local listing agent.
- Buyer(s) to sign Seller's Addenda to be made part of original contract.
- Seller to advise who will have choice of Title/Escrow/Closing entity once property is under contract.
- In the event of a per diem charge, Buyer authorizes Seller to debit their earnest deposit to cover said charge(s).

Unless this counter offer is accepted by the Buyer(s) by December 30, 2005 this offer shall be deemed revoked. Seller reserves the right to continue to market said property and accept any contract of Seller's choosing prior to Seller's written acceptance of contract and counter offer/addendum(s).

This transaction is subject to acceptance and execution of the original purchase contract/ sales agreement and this counter offer addendum by Wachovia Bank FKA Funb, "Seller".

All other terms and conditions shall remain the same. This counter offer addendum supersedes all other counter offer addenda and the purchase contract/sales agreement. This counter offer addendum is accepted by the Buyer(s) and the Seller, as evidenced by Buyer(s) and Seller's signature hereon. This counter offer addendum shall hereby become part of the above referenced contract between the parties.

Acceptance: Buyer(s) accepts the above counter offer and acknowledges receipt thereof.

_[signature]_   12-130-05
Buyer                                 Date

_Paula M. Crawford_   12/30/05   9:25a
Buyer                                 Date

Acceptance: Seller accepts the above counter offer and acknowledges receipt thereof.
Wachovia Bank FKA Funb

_[signature]_   1.7.06
By: Sandra Smithey
Assistant Vice President



## IN THE CIRCUIT COURT FOR MACON COUNTY, ALABAMA

|  |  |
|---|---|
| RONALD T. CRAWFORD and | * |
| PAULA M. CRAWFORD | * |
|  | * |
| Plaintiffs, | * |
|  | * |  CIVIL ACTION NO. CV 07-25 |
| v. | * |
|  | * |
| ALETHES, LLC; FLAGSHIP | * |
| CLOSING SERVICES, LLC; | * |
| WACHOVIA BANK FKA FUNB; et al., | * |
|  | * |
|  | * |
| Defendants. | * |

---

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, WACHOVIA BANK FKA FUNB

Plaintiffs in the above-styled cause of action, and pursuant to the *Alabama Rules of Civil Procedure* request from Defendant, Wachovia Bank FKA FUNB the following documents and/or things:

1. Any and all documents that in any way relate to Plaintiffs.

2. Any and all mortgage files regarding Plaintiffs.

3. Complete and legible copies of any records of payments made by or on behalf of Plaintiffs to any of the Defendants.

4. All procedural manuals, operational manuals, or other documents of whatever kind which direct or instruct agents, servants or employees with respect to responsibilities concerning Plaintiffs' mortgage.

5. Copies of all files maintained by this company regarding Plaintiffs' mortgage, including in your response where said files are kept, and the full name, title, address and telephone number of the person whose custody said files are in.

6.    All correspondence between Plaintiffs and this Defendant.

7.    All correspondence between this Defendant and any other Defendant(s) regarding Plaintiffs, their mortgage, and/or any of the allegations made the basis of this complaint.

8.    All notes and/or transcribed recordings of any telephone conversation between this Defendant and/or any agent, servant or employee of any other Defendant regarding the mortgage which makes the basis of this complaint.

9.    All notes and/or transcribed recordings of any telephone conversation between this Defendant and Plaintiffs regarding the mortgage which makes the basis of this complaint.

10.    All documents which Defendant intends to introduce as exhibits at the trial of this case.

11.    Any and all documents that were relied on in answering the interrogatories propounded to this Defendant in this lawsuit.

Respectfully Submitted,


ROBERT S. THOMPSON ( THO039)
TIFFANY N. JOHNSON (JOH173)
Attorneys for Plaintiff


**OF COUNSEL:**
Law Offices of Robert Simms Thompson, P.C.
308 North Elm Street
Tuskegee, Alabama 36083
(334) 727-6463

2

## IN THE CIRCUIT COURT FOR MACON COUNTY, ALABAMA

| | |
|---|---|
| RONALD T. CRAWFORD and<br>PAULA M. CRAWFORD<br><br>Plaintiffs,<br><br>v.<br><br>ALETHES, LLC; FLAGSHIP<br>CLOSING SERVICES, LLC;<br>WACHOVIA BANK FKA FUNB; et al.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

CIVIL ACTION NO. CV 07-a5

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, FLAGSHIP CLOSING SERVICES, LLC

Plaintiffs in the above-styled cause of action, and pursuant to the *Alabama Rules of Civil Procedure* request from Defendant, Flagship Closing Services, LLC the following documents and/or things:

1.    Any and all documents that in any way relate to Plaintiffs.

2.    Any and all mortgage files regarding Plaintiffs.

3.    Complete and legible copies of any records of payments made by or on behalf of Plaintiffs to any of the Defendants.

4.    All procedural manuals, operational manuals, or other documents of whatever kind which direct or instruct agents, servants or employees with respect to responsibilities concerning Plaintiffs' mortgage.

5.    Copies of all files maintained by this company regarding Plaintiffs' mortgage, including in your response where said files are kept, and the full name, title, address and telephone number of the person whose custody said files are in.

6.    All correspondence between Plaintiffs and this Defendant.

7.    All correspondence between this Defendant and any other Defendant(s) regarding Plaintiffs, their mortgage, and/or any of the allegations made the basis of this complaint.

8.    All notes and/or transcribed recordings of any telephone conversation between this Defendant and/or any agent, servant or employee of any other Defendant regarding the mortgage which makes the basis of this complaint.

9.    All notes and/or transcribed recordings of any telephone conversation between this Defendant and Plaintiffs regarding the mortgage which makes the basis of this complaint.

10.    All documents which Defendant intends to introduce as exhibits at the trial of this case.

11.    Any and all documents that were relied on in answering the interrogatories propounded to this Defendant in this lawsuit.

Respectfully Submitted,

ROBERT S. THOMPSON ( THO039)
TIFFANY N. JOHNSON (JOH173)
Attorneys for Plaintiff

**OF COUNSEL:**
Law Offices of Robert Simms Thompson, P.C.
308 North Elm Street
Tuskegee, Alabama 36083
(334) 727-6463

2

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93        Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>CIV. ☐☐☐ ☐☐☐☐ ☐☐·☐☐ |
|---|---|---|
| | | Date of Filing:                    Judge Code:<br>0 3  0 6  2 0 0 7  ☐☐☐☐☐☐<br>Month    Day    Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____**MACON COUNTY**_____, ALABAMA
*(Name of County)*

_____Ronald T. Crawford & Paula M. Crawford_____ v. ___Alethes, LLC and Flagship Closing Services, LLC, et al.,___
**Plaintiff**                                                              **Defendant**

**First Plaintiff**   ☐ Business      **X** Individual         **First Defendant**   **X** Business      ☐ Individual
                       ☐ Government   ☐ Other                                          ☐ Government   ☐ Other

---

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA   - Wrongful Death
☐ TONG   - Negligence: General
☐ TOMV   - Negligence: Motor Vehicle
☐ TOWA   - Wantonness
☐ TOPL   - Product Liability/AEMLD
☐ TOMM   - Malpractice - Medical
☐ TOLM   - Malpractice - Legal
☐ TOOM   - Malpractice - Other
**X** TOFR   - Fraud/Bad Faith/Misrepresentation
☐ TOXX   - Other:_____

**TORTS: PROPERTY INJURY**

☐ TOPE   - Personal Property
☐ TORE   - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN   - Abandoned Automobile
☐ ACCT   - Account & Nonmortgage
☐ APAA   - Administrative Agency Appeal
☐ ADPA   - Administrative Procedure Act
☐ ANPS   - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX   - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
                  Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT   - Civil Rights
☐ COND   - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP   - Contempt of Court
☐ CONT   - Contract/Ejectment/Writ of Seizure
☐ TOCN   - Conversion
☐ EQND   - Equity Non-Damages Actions/Declaratory Judgment/Injunction
                  Election Contest/Quiet Title/Sale for Division
☐ CVUD   - Eviction Appeal/Unlawful Detainer
☐ FORJ   - Foreign Judgment
☐ FORF   - Fruits of Crime Forfeiture
☐ MSHC   - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB   - Protection From Abuse
☐ FELA   - Railroad/Seaman (FELA)
☐ RPRO   - Real Property
☐ WTEG   - Wills/Trusts/Estates/Guardianships
☐ COMP   - Workers' Compensation
☐ CVXX   - Miscellaneous Circuit Civil Case

---

**ORIGIN** *(check one)*:    **F X** INITIAL FILING          **A** ☐ APPEAL FROM          **O** ☐ OTHER:
                                                                        DISTRICT COURT
                              **R** ☐ REMANDED                **T** ☐ TRANSFERRED FROM
                                                                        OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**    **X** YES  ☐ NO      **Note:** Checking "Yes" does not constitute a demand for a
                                                                          jury trial. (See Rules 38 and 39, Ala.R.Civ.P., for procedure)

---

**RELIEF REQUESTED:**    **X**  MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

---

| **ATTORNEY CODE:**<br>J  O  H  1  7  3 | 3/6/07<br>Date | Signature of Attorney/Party filing this form |
|---|---|---|

**MEDIATION REQUESTED:**    ☐ YES   **X** NO   ☐ UNDECIDED

---

BARW_1\cover.crawford.wpd

## IN THE CIRCUIT COURT FOR MACON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| RONALD T. CRAWFORD and PAULA M. CRAWFORD, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | CIVIL ACTION NO. CV 07-25 |
| ALETHES, LLC; FLAGSHIP CLOSING SERVICES, LLC; WACHOVIA BANK FKA FUNB; and FICTITIOUS DEFENDANTS A, B, and C, being those unknown individuals, firms, partnerships, corporations or other entities, both singular and plural, who participated or assisted in the wrongful acts alleged in this complaint, and whose true names and legal identities are otherwise unknown at this time, but will be added by amendment when ascertained, | * * * * * * * * * * * * * * * | |
| Defendants. | * | |

---

## COMPLAINT

---

### JURISDICTION

This is a cause of action based on breach of contract, negligence, fraud, suppression of a material fact, and interference with contract. The amount in controversy exceeds the jurisdictional minimum of this Circuit Court.

### STATEMENT OF THE PARTIES

1.    Plaintiffs, Ronald T. Crawford and Paula M. Crawford are individuals over the age of nineteen (19) years and are residents of Macon County.

2.    Defendant Alethes, LLC is a foreign corporation doing business in Macon County, Alabama. At all times material to this complaint, this Defendant was lender and/or party resposnible

for servicing the loan made the subject of this complaint.

3.    Defendant Flagship Closing Services, LLC is a domestic corporation doing business in Macon County, Alabama. At all times material to this complaint, this Defendant was the agent that provided the closing services for the sale of the real estate made the subject of this complaint.

4.    Defendant Wachovia Bank FKA Funb is a foreign corporation doing business in Macon County, Alabama. At all times material to this complaint, this Defendant was the seller of the real estate made the subject of this complaint.

5.    Fictitious Defendants A, B, and C, are those unknown individuals, firms, partnerships, corporations or other entities, both singular and plural, who participated or assisted in the wrongful acts alleged in this complaint, but whose true names and legal identities are otherwise unknown at this time, but will be added by amendment when ascertained.

## STATEMENT OF THE FACTS

6.    On or about December 30, 2005, Plaintiffs entered into a contract with the Defendant, Wachovia Bank FKA Funb for the purchase of real estate located at 205 Edwards Drive, Tuskegee, AL 36083.

7.    The contractual provision in relevant part provided that the sales price of said real estate would be $77,000 and that the Plaintiffs would receive $16,000.00 for repair costs.

8.    Even though the Plaintiff satisfied all of the terms and conditions of the sales contract and all adendums, the Defendant, Wachovia Bank FKA Funb, refused or failed to tender to Plaintiffs the $16,000 repair costs expressly agreed upon by the parties.

9.    Defendant, Alethes, LLC at all times relevant hereto was the agent of Wachovia Bank FKA Funb and failed or refused to tender to Plaintiffs the $16,000.00 repair costs as previously alleged.

10.    Defendant, Flagship Closing Services, LLC at all times relevant hereto was the agent of Defendant, Wachovia Bank FKA Funb and was the closing agent for said real estate loan and failed or refused to tender to Plaintiffs the $16,000.00 repair costs as previously alleged.

## COUNT I
## BREACH OF CONTRACT

11.    Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 1-10 of this complaint as if fully set out herein.

### Breach of Contract: Defendant, Wachovia Bank FKA Funb

12.    On or about December 30, 2005  Plaintiffs and Defendant, Wachovia Bank FKA Funb, entered into a contract to purchase a residential home from Defendant, Wachovia Bank FKA Funb. The contract required Defendants to pay Plaintiffs the sum of $16,000 for repair costs to real estate being purchased, a copy of which agreement is attached hereto and made a part of this complaint, marked Exhibit A.

13.    Plaintiffs have performed all terms and conditions of said contract.

14.    Defendant, Wachovia Bank FKA Funb breached the agreement by failing and/or refusing to pay the sums due Plaintiffs under and by virtue of said agreement.

15.    As a result of the Defendant, Wachovia Bank FKA Funb's breach, Plaintiffs have been deprived of $16,000.00 have been humiliated, have suffered depreciating value to their home, and have suffered extreme emotional distress, and mental anguish.

WHEREFORE, Plaintiffs demand judgment against Defendant, Wachovia Bank FKA Funb for compensatory and punitive damages plus interest and costs.


## COUNT II
## NEGLIGENCE

16.    Plaintiffs re-allege and incorporates by reference all allegations set forth in paragraphs 1-15 of this complaint as if fully set out herein.

### Negligence: Defendant, Wachovia Bank FKA Funb

17.    Defendant, Wachovia Bank FKA Funb has a duty to properly comply with the contractual provision agreed to by it and Plaintiffs that stated that it would credit Plaintiffs $16,000.00 in repair costs for purchased real estate.


18.    Defendant, Wachovia Bank FKA Funb breached that duty by failing or refusing to

3

credit the Plaintiffs the $16,000.00 repair costs.

19.    As a result of Defendant, Wachovia Bank FKA Funb's negligence, Plaintiffs have been deprived of $16,000.00 have suffered depreciating value to their home, have been humiliated, have suffered extreme emotional distress and mental anguish.

**WHEREFORE,** Plaintiffs demand judgment against Defendant, Wachovia Bank FKA Funb for compensatory and punitive damages plus interest and costs.

### Negligence: Defendant, Flagship Closing Services, LLC

20.    Defendant, Flagship Closing Services, LLC was the agent of Defendant, Wachovia Bank FKA Funb and closing agent for said real estate loan, and as such, had a duty to follow the terms and conditions of the contract between Wachovia Bank and Plaintiffs.

21.    Defendant, Flagship Closing Services, LLC breached that duty by failing or refusing to adhere to the terms and conditions of said contract, which pertains to the Plaintiffs receiving $16,000.00 repair costs.

22.    As a result of Defendant, Flagship Closing Services, LLC's negligence, Plaintiffs have been deprived of $16,000.00 have suffered depreciating value to their home, have been humiliated, have suffered extreme emotional distress and mental anguish.

**WHEREFORE,** Plaintiffs demand judgment against Defendant, Flagship Closing Services, LLC for compensatory and punitive damages plus interest and costs.

### Negligence: Defendant, Alethes, LLC

23.    Defendant, Alethes, LLC is an agent of Wachovia Bank FKA Funb, and as agent had a duty to follow the terms and conditions of the contract between Wachovia Bank FKA Funb and Plaintiffs.

24.    Defendant, Alethes, LLC breached that duty because it did not ensure that the $16,000.00 repair costs pursuant to said contract was disbursed to Plaintiffs.

25.    As a result of Defendant, Alethes, LLC's negligence, Plaintiffs have been deprived

4

of $16,000 have suffered depreciating value to their home, have been humiliated, have suffered extreme emotional distress, and mental anguish.

**WHEREFORE,** Plaintiffs demand judgment against Defendant, Alethes, LLC for compensatory and punitive damages plus interest and costs.

## COUNT III
## FRAUD

26.    Plaintiffs re-allege and incorporate by reference all allegations set forth in paragraphs 1-25 of this complaint as if fully set out herein.

### Fraud: Defendant, Wachovia Bank FKA Funb

27.    On or about December 30, 2005, Plaintiffs entered into a contract with Defendant, Wachovia Bank FKA Funb for the purchase of real estate located at 205 Edwards Drive, Tuskegee, AL 36083.

28.    At that time, Defendant, Wachovia Bank FKA Funb represented to Plaintiffs that it would credit them $16,000.00 in repair costs for said real estate.

29.    The representation made by Defendant, Wachovia Bank FKA Funb was false, and Defendant knew that it was false; or Defendant, without knowledge of the true fact, recklessly misrepresented it; or said representation was made by mistake, but with the intention that Plaintiffs should rely upon it.

30.    Plaintiffs had believed the representation and in reliance upon it purchased and financed the property.

**WHEREFORE,** Plaintiffs demand judgment against Defendant, Wachovia Bank FKA Funb for the $16,000.00 depreciating value to their home, humiliation, extreme emotional distress, and mental anguish.

### Fraud: Defendant, Flagship Closing Services, LLC

5

31.     On or about February 22, 2006, Defendant, Flagship Closing Services, LLC drafted a settlement closing agreement for the Plaintiffs concerning the purchase of real estate located at 205 Edwards Drive, Tuskegee, AL 36083.

32.     At that time Defendant, Flagship Closing Services, LLC failed, refused, or omitted from the closing statement the fact that Plaintiffs should receive either credit or cash for $16,000.00 repair costs.

33.     The representation made by Defendant, Flagship Closing Services, LLC was false; or Defendant, without knowledge of the true fact recklessly misrepresented it; or said representation was made by mistake, but with the intention that Plaintiffs should rely upon it.

34.     Plaintiffs had believed the representation and in reliance upon it purchased and financed the property.

**WHEREFORE** Plaintiffs demand judgment against Defendant, Flagship Closing Services, LLC for $16,000, depreciating value to their home, humiliation, extreme emotional distress, and mental anguish.

**COUNT IV**
**FRAUD:  SUPPRESSION OF MATERIAL FACT**

35.     Plaintiffs reallege and incorporate by reference all allegations set forth in paragraphs 1-34 of this complaint as if fully set out herein.

**Suppression: Defendant, Wachovia Bank FKA Funb**

36.     On or about December 30, 2005, Plaintiffs entered into a contract with Defendant, Wachovia Bank FKA Funb for the purchase of real estate located at 205 Edwards Drive, Tuskegee, AL 36083.

37.     At that time, Defendant, Wachovia Bank FKA Funb represented to Plaintiffs that it

6

would credit them $16,000 in repair costs for said real estate.

38.    Nonetheless, Defendant, Wachovia Bank FKA Funb failed or refused to reveal to Plaintiffs that they would not receive the $16,000.00 repair costs, even though the Defendant, Wachovia Bank FKA Funb as seller of said real estate was under a duty to communicate to Plaintiffs that they would not credit them the repair costs.

39.    The above act amounts to suppression of a material fact.

40.    As a proximate consequence of said suppression, Plaintiffs purchased and financed the property.

WHEREFORE, Plaintiffs demand judgment against Defendant, Wachovia Bank FKA Funb for $16,000.00 depreciating value to their home, humiliation, extreme emotional distress, and mental anguish.

### Suppression: Defendant, Flagship Closing Services, LLC

41.    On or about February 22, 2006, Defendant, Flagship Closing Services, LLC drafted a settlement agreement for the Plaintiffs concerning the purchase of real estate located at 205 Edwards Drive, Tuskegee, AL 36083.

42.    At that time, Defendant, Flagship Closing Services, LLC represented to Plaintiffs that they would be credited $16,000.00 repair costs for said real estate.

43    Nonetheless, Defendant, Flagship Closing Services, LLC failed or refused to reveal to Plaintiffs that they would not receive the $16,000.00 repair costs, even though the Defendant, Flagship Closing Services, LLC as agent of Defendant, Wachovia Bank FKA Funb and closing agent for said real estate loan of said real estate was under a duty to communicate to Plaintiffs that they would not receive the $16,000.00 repair costs.

44.    The above act amounts to suppression of a material fact.

45.    As a proximate consequence of said suppression, Plaintiffs purchased and financed the property.

WHEREFORE, Plaintiffs demand judgment against Defendant, Flagship Closing Services

7

for $16,000.00, depreciating value to their home, humiliation, extreme emotional distress, and mental anguish.

## COUNT V
## INTERFERENCE WITH CONTRACT

46.    Plaintiffs re-allege and incorporate by reference all allegations set forth in paragraphs 1-45 of this complaint as if fully set out herein.

### Interference w/ contract: Defendant, Flagship Closing Services, LLC

47.    On or about December 30, 2005, Plaintiffs and Wachovia Bank FKA Funb entered into a contract for the purchase of real estate in which the Plaintiffs were to be credited $16,000.00 repair costs.

48.    Defendant, Flagship Closing Services, LLC had knowledge of this contract or business relation.

49.    Defendant, Flagship Closing Services, LLC intentionally and unjustifiably interfered with said contract or business relation by not adhering to the terms and conditions of said contract, which pertained to the Plaintiffs receiving $16,000.00 repair costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendant, Flagship Closing Services, LLC for the $16,000.00, depreciating value to their home, humiliation, extreme emotional distress, and mental anguish.

### Interference w/contract: Alethes, LLC

50.    On or about December 30, 2005, Plaintiffs and Wachovia Bank FKA Funb entered into a contract for the purchase of real estate in which the Plaintiffs were to be credited $16,000.00 repair costs.

51.    Defendant, Alethes, LLC had knowledge of this contract or business relation.

8

52.    Defendant, Alethes, LLC intentionally and unjustifiably interfered with said contract or business relation by not adhering to the terms and conditions of said contract, which pertained to the Plaintiffs receiving $16,000.00 repair costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendant, Alethes, LLC  for the $16,000.00, depreciating value to their home, humiliation, extreme emotional distress, and mental anguish.

### PLAINTIFFS DEMAND TRIAL BY STRUCK JURY

Respectfully Submitted,

ROBERT SIMMS THOMPSON (THO039)
TIFFANY N. JOHNSON (JOH173)
Attorneys for Plaintiff

**OF COUNSEL:**
THE LAW OFFICES OF ROBERT SIMMS THOMPSON PC
Post Office Box 830780
Tuskegee, Alabama 36083
Tel: (334) 727-6463
Fax: (334) 727-5746

9

ALABAMA JUDICIAL DATA CENTER
COURT PAYMENT SYSTEM

COUNTY
DATE OF RECEIPT: 03/06/2007   TIME: 15:20:22   RECEIPT NUMBER: 046302
RECEIPT FOR CASE: CV 2007 000025 00   BATCH: 2007125
RECEIVED FROM: JOHNSON TIFFANY NICHELLE

RONALD T. CRAWFORD & PAULA M. CRAWFORD VS ALETHES, LLC FLAGSHIP CLOSIN

ACCOUNTS RECEIPTED:
          CVAP                                    $100.00
          CV05                                    $323.00
          JDMD                                    $100.00
          SERA                                     $30.00

RECEIVED BY: SHM               CHECK AMOUNT       $563.00