IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RONALD T. CRAWFORD and )
PAULA M. CRAWFORD, )
            )
   PLAINTIFFS, )
            )
VS. ) CIVIL ACTION NUMBER:
            ) 3:07CV359-WHA
ALETHES, LLC, et al., )
            )
   DEFENDANTS. )

## ANSWER

**COMES NOW** the defendant, Alethes, LLC, and in answer to the plaintiffs' Complaint says as follows:

  1.  Admitted.

  2.  Admitted.

  3.  Admitted.

  4.  Admitted.

  5.  This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

  6.  Admitted.

  7.  This defendant admits that the sales price was $77,000.00, but denies the balance of the allegations of this paragraph and demands strict proof thereof.

  8.  This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

9. This defendant denies that it was the agent of the defendant Wachovia Bank. This defendant lacks sufficient knowledge to admit or deny the balance of the allegations of this paragraph.

10. This defendant admits that Flagship Closing Services LLC was a closing agent for the real estate loan. This defendant lacks sufficient knowledge to admit or deny the balance of the allegations of this paragraph.

## COUNT I

11. This defendant incorporates by reference responses to the previous ten paragraphs.

12. This defendant admits that there was a contract between Wachovia Bank and the plaintiffs. This defendant lacks sufficient knowledge to admit or deny the balance of the allegations of this paragraph.

13. This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

14. This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

15. This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

## COUNT II

16. The defendant incorporates its responses to the previous fifteen paragraphs.

17. This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph..

18.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

19.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

20.     This defendant admits that Flagship Closing Services was the closing agent for the subject real estate loan. This defendant is without sufficient knowledge to admit or deny the balance of the allegations of this paragraph.

21.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

22.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

23.     This defendant denies that it is an agent of Wachovia Bank. The balance of the allegations of this paragraph are denied and this defendant demands strict proof thereof.

24.     This defendant denies the allegations of this paragraph and demands strict proof thereof.

25.     This defendant denies the allegations of this paragraph and demands strict proof thereof.

## COUNT III

26.     This defendant incorporates by reference its responses to the previous twenty-five paragraphs of its Answer to plaintiffs' Complaint.

27.     Admitted.

28.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

29.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

30.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

31.     This defendant admits that Flagship Closing Services drafted a settlement closing statement concerning the plaintiffs' purchase of the subject real estate.

32.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

33.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

34.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

### COUNT IV

35.     This defendant incorporates by reference its responses to the previous thirty-four paragraphs of its Answer to plaintiffs' Complaint.

36.     Admitted.

37.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

38.     This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

39.     This defendant lacks sufficient knowledge to admit or deny the allegations

- 5 -

of this paragraph.

40. This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

41. This defendant admits that Flagship Closing Services drafted a settlement agreement concerning the plaintiffs' purchase of real estate.

42. This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

43. This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

44. This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

45. This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

## COUNT V

46. The defendant incorporates by reference its responses to the previous forty-five paragraphs of its Answer to plaintiffs' Complaint.

47. This defendant admits that there was a real estate sales contract between the defendant Wachovia Bank and the plaintiffs. This defendant lacks sufficient knowledge to admit or deny the balance of the allegations of this paragraph.

48. This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

49. This defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

50. This defendant admits that the plaintiffs and the defendant Wachovia Bank entered into a contract for the purchase of real estate. This defendant denies the balance of the allegations of this paragraph and demands strict proof thereof.

51. This defendant denies that it had any knowledge of any contractual agreement or relation between the plaintiffs and Wachovia Bank concerning a Sixteen Thousand Dollar ($16,000.00) credit to be issued to the plaintiffs for repair costs and demands strict proof thereof.

52. This defendant denies the allegations of this paragraph and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This defendant pleads a general issue in response to the allegations contained in plaintiffs' Complaint. This defendant denies each and every claim and count and demands strict proof thereof.

### THIRD DEFENSE

The alleged damages, if any, for which plaintiffs seek recovery were caused by other entities for whom this defendant is not responsible and this defendant did not retain a right of control over these entities work.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, non-assumpsit, and accord and satisfaction.

## FIFTH DEFENSE

Plaintiffs' claims are barred by waiver and estoppel.

## SIXTH DEFENSE

Plaintiffs' claims are barred by plaintiffs' failure to do equity.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by plaintiffs' unclean hands and undue influence.

## EIGHT DEFENSE

The defendant pleads the affirmative defenses of ratification, modification and novation.

## NINTH DEFENSE

Plaintiffs' claims for punitive damages are barred and/or limited by *Alabama Code* §§6-11-20, 6-11-21 and 6-11-27.

## TENTH DEFENSE

Plaintiffs' claims for punitive damages of are barred by contributory negligence and assumption of the risk.

## ELEVETH DEFENSE

This defendant denies that plaintiff was injured as a result of any act, negligence or wantonness on its part.

## TWELTH DEFENSE

Plaintiffs' alleged injuries were proximately caused by superseding or intervening acts or omissions by persons or companies other than this defendant for whom this defendant is neither responsible nor liable.

## THIRTEENTH DEFENSE

This defendant denies that plaintiffs were injured or harmed in any way by any alleged act or omission by this defendant.

## FOURTEENTH DEFENSE

This defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to plaintiffs.

## FIFTEENTH DEFENSE

This defendant avers that any award of punitive damages to plaintiffs in this case will be violative of the constitutional safeguards provided to this defendant under the Constitution of the United States of America.

## SIXTEENTH DEFENSE

This defendant avers that any award of punitive damages to plaintiffs in this case will be violative of the constitutional safeguards provided to this defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is a vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to a legitimate government interests.

## SEVENTEENTH DEFENSE

This defendant avers that any award of punitive damages to plaintiffs in this case will be violative of the procedural safeguards to defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, this defendant is entitled to the same procedural safeguards accorded to a criminal defendant.

### EIGHTEENTH DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose potentially incriminating documents and evidence.

### NINTEENTH DEFENSE

Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process of the Fourteenth Amendment of the United States Constitution;

e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendment of the United States Constitution.

### TWENTIETH DEFENSE

This defendant denies any duty owed to plaintiffs and did not violate any duty allegedly owed to plaintiffs.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred due to misuse and illegally.

### TWENTY-SECOND DEFENSE

This defendant asserts that plaintiffs not entitled to punitive damages since such damages are unconstitutional under the law of Alabama and the United States for these types of claims.

## TWENTY-THIRD DEFENSE

Defendant reserves the right to add any additional affirmative defenses as those defenses are ascertained.

*[signature]*
Clyde E. Riley (ASB-3156-E65C)
Attorney for Alethes, LLC

OF COUNSEL:
Riley Law Firm
2175 11th Court South
Birmingham, Alabama 35205
(205) 212-5577
(205) 212-9001 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following, via U.S. Mail, properly addressed and postage prepaid on this 26th day of April, 2007:

Robert Simms Thompson, Esquire
Tiffany Ann Johnson
Law Office of Robert Simms Thompson
Post Office Box 830780
Tuskegee, Alabama 36083

Victor Hayslip, Esquire
William J. Long, IV, Esquire
Burr & Foreman, LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203

*[signature]*
OF COUNSEL

- 11 -