# NOTICE OF CORRECTION

**From: Clerk's Office**

**Case Style: Crawford et al v. Alethes, LLC et al**

**Case Number:  3:07-cv-00359-WHA**

**Referenced Pleading: Motion to Remand - doc.  7**

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice. Please see the correct PDF documents to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONALD T. CRAWFORD and PAULA M. CRAWFORD,<br><br>    Plaintiffs,<br><br>v.<br><br>ALETHES, LLC., FLAGSHIP CLOSING SERVICES, LLC; WACHOVIA BANK FKA FUND, and FICTITIOUS DEFENDANTS A, B, and C, being those partnerships, corporations or other entities, both singular and plural, who participated or assisted in the wrongful acts alleged in this complaint, and whose true names and legal identities are otherwise unknown at this time, but will be added amendment when ascertained,<br>    Defendants. | CASE NO. 3:07CV-359-wha |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff's, by and through their attorney, hereby moves this Court to remand the above styled action to the Macon County Circuit Court as grounds therefore Plaintiffs would state the following:

## FACTS

On or about December 30, 2005, Plaintiffs entered into a contract with the Defendant, Wachovia Bank FKA Funb (hereinafter referred to as "Defendant Wachovia") for the purchase of real estate located at 205 Edwards Drive, Tuskegee, AL 36083. The contractual provisions giving rise to this case provide that the sales price would be $77,000.00 and that Defendant Wachovia would give Plaintiffs $16,000.00 of this amount for repair costs. (Counter Offer/Addendum, Exhibit A). The contract also designated that the seller would pay certain closing costs. Even though the

1

Plaintiff satisfied all of the terms and conditions of the sales contract and all addendums, the Defendant, Wachovia, refused or failed to tender to Plaintiffs the $16,000.00.

Defendant, Flagship Closing Services, LLC (hereinafter referred to as "Defendant Flaghsip") was selected by Defendant Wachovia as the closing agent for the real estate loan, which was a purchase money mortgage. As the closing agent, Defendant Flagship had a duty to follow the terms and conditions of the contract between Defendant Wachovia Bank and Plaintiffs. As the closing agent Defendant Flagship had a duty to review the terms and conditions of the sales contract between Plaintiffs and Defendant Wachovia to ensure proper receipt and disbursement of the sales proceeds. Additionally, as the closing agent, Defendant Flagship had a duty to prepare all closing documents because of its special knowledge in preparing real estate settlement documents.

Defendant Flagship, prepared the HUD 1 Settlement Statement and presented it to Plaintiff. (HUD 1 Settlement Statement, Exhibit B). Defendant Flagship did not in the settlement statement set out a separate disbursement of the $16,000.00 to Plaintiff though Defendant Flagship showed the total funds to be disbursed, which included the $16,000.00 to be given to Plaintiffs. The sales contract nor any other document disclosed the manner in which the $16,000.00 was to be disbursed to Plaintiffs. Plaintiffs only knew they were to receive $16,000.00 from Defendant Wachovia. It was the duty of the closing agent to disburse this amount to Plaintiff from the sales proceeds and to give Defendant Wachovia the balance. Instead Defendant Flagship gave Defendant Wachovia the entire amount. It was Defendant Flagship who had absolute control over the sale proceeds and a duty to disburse those proceeds in accordance with the contract.

Defendant Flagship, the closing agent, with its superior knowledge and control over the documentation, as well as the loan proceeds, did not put Plaintiffs on notice they would not be

2

receiving the $16,000.00 owed from the sales proceeds to them by Defendant Wachovia. As first time home buyers, Plaintiffs were unaware of what items were suppose to be included on the settlement statement and relied on the Defendant Flagship to prepare the settlement statement accurately and in accordance with the sales contract. Plaintiffs further relied on Defendant Flagship to properly disburse the $16,000.00 the were due from Defendant Wachovia. It was weeks after the closing that Plaintiffs learned that Defendant Wachovia would not abide by the terms of the sales contract.

## **FRAUDULENT JOINDER**
### **Remand Standard and Fraudulent Joinder**

Defendants bear a 'heavy' burden in proving that the joiner of one their own is fraudulent. *Crowe v. Coleman*, 113 F. 3d 1536, 1538 (11th Cir. 1997). In examining whether a joinder is fraudulent, the court "should resolve all questions of fact and controlling law in favor of the plaintiff." To determine whether a defendant has been fraudulently joined, the removing party must show either that " there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, or that the plaintiff fraudulently pleaded jurisdictional facts." *Jones v. Triple Crown Services Company, et. al.*, 44 F. Supp. 2d 1339, 1342 (M. D. Ala. 1999). "If there is even the possibility that a state court would find that a complaint states a cause of action against any one of the resident defendants, the federal court must find the joiner was proper and remand the case to the state court." *Triggs v. John Crump Toyota, Inc. et. al.*, 154 F. 3d 1284, 1287 (11th Cir., 1998). The burden of proving fraudulent joinder rests with the Defendants as the removing party and this is a heavy burden. *Jones* at 1342. "A claim of fraudulent joinder **must** be supported by **clear and convincing evidence**." Id. (Emphasis added). All allegations and submissions must be

3

viewed in the last most favorable to the plaintiff when evaluating whether there has been fraudulent joinder and in fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff." Id.

### Defendant Flagship Intentional Interfered with the Contract between Plaintiffs and Defendant Wachovia

Defendants have not shown by clear and convincing evidence that Plaintiffs do not have a cause of action for intentional interference with a contract by Defendant Flagship. Under Alabama law, Plaintiffs are required to establish the "existence of a contract, knowledge of the contract on the part of the defendant, intentional interference with the contract by the defendant, and damage resulting from the interference." *Wehby v. Turpin*, 710 So. 2d 1243, 1251 (Ala. 1998).

There is no dispute that a contract existed between Plaintiffs and Defendant Wachovia for the sale of real property with Defendant paying to Plaintiffs the sum of $16,000.00 for repairs. As the closing agent Defendant Flagship had a duty to know the terms of the sales contract in order to prepare the closing statement and in order to ensure that all of sales proceeds were disbursed in accordance with the sales contract. The only way for Defendant Flagship to obtain the information needed to complete the settlement statement would have been to review the entire sales contract. Defendant Flagship had to have knowledge of the terms of the sales contract in order to properly apportion the closing cost between the buyer and seller. For example, the sales contract designated the amount of closing cost the seller would be responsible for as well as the sales price. Therefore, in order to complete the settlement statement, Defendant Flagship had to review the entire contract between the Plaintiffs and Defendant Wachovia.

4

The Complaint alleges that Defendant Flagship failed to include or omitted key information contained in the sales contract on the settlement statement, and as a result Defendant Flagship failed to properly account for or properly disburse the sale proceeds. Defendant Flagship interfered with the contract because it had sole control over how the terms were to be performed and was solely responsible for Defendant Wachovia not complying with the contract terms. It was Defendant Flagship's duty to ensure that monies were disbursed in accordance with the sales contract. Because it failed to do so, Plaintiff has never received the $16,000.00 and has had to file this action an effort to receive their money.

Clearly a cause of action exists as stated under Alabama law, therefore, this Court must find that Defendant Flagship is properly joined and remand this case to the state court.

### Negligence

Under Alabama law a plaintiff must prove three essential elements in order to recover for negligence. *Alabama Great Southern R. Co. v. Raney*, 37 So. 2d 150, 151 (Ala. App. 1948). Those three elements are a duty owed to the plaintiff by the defendant, a breach of that duty, and an injury that is proximately caused by the breach. *Id.* As the closing agent Defendant Flagship had a duty to review the entire sales contract and ensure that all of the terms of the sales contract were included on the settlement statement and properly adhered too. The closing agent is also responsible for preparing the closing settlement statement and has a duty to ensure that all funds are collected and disbursed in accordance with the sales contract between the buyer and seller. Defendant Flagship breached said duty when it failed to collect and disburse the $16,000.00 agreed to be given to the Plaintiffs by Defendant Wachovia. As a result Plaintiffs did not receive and have never received the $16,000.00 that they were entitled to under the sales contract. Because there is a possibility that

5

a state court would find that a cause of action exist against Defendant Flagship, this Court must find that Defendant Flagship is properly joined and remand this case to the state court.

### Fraud

Alabama Code 1975 §6-5-100 provides that "fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action." Section 6-5-101 provides that "misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party constitute legal fraud." In the present case a cause of action exists against Defendant Flagship because whether done willfully to deceive, recklessly without knowledge, or made by mistake, Defendant Flagship made a misrepresentation of a material fact when it failed to include the $16,000.00 owed to Plaintiffs by Defendant Wachovia and further failed to properly disburse the funds in accordance with the contract between Plaintiffs and Defendant Wachovia. As the closing agent, Defendant Flagship had a duty to review the terms and conditions of the sales contract between Plaintiffs and Defendant Wachovia and to ensure proper receipt and disbursement of sales proceeds. The sales contract nor any other document disclosed the manner in which the $16,000.00 was to be disbursed to Plaintiffs. Therefore, as first time home buyers, Plaintiffs would not have known how the $16,000.00 was to be disclosed or even that it was to be disclosed on the settlement statement. As a result of Defendant Flagship's misrepresentation and failure to disburse funds, Plaintiffs were defrauded and damaged. Therefore, because a cause of action for fraud exist against Defendant Flagship, this Court must find that Defendant Flagship was not fraudulently joined and remand this case to state court.

## Fraud- Suppression

Under Alabama law in order for a plaintiff to recover on a claim of suppression, he must show that "the Defendant had a duty to disclose a material fact and failed to do so, [that] concealment or failure to disclose induced the Plaintiff to act and Plaintiff suffered actual damage." *LaCoste v. SCI Alabama Funeral Services, Inc.* 689 So. 2d. 76, 80 (Ala.Civ.App. 1996). "Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." *Code of Alabama* 1975 §6-5-102. Defendant Flagship, as a result of reviewing the terms and conditions of the sales contract, would have known that Defendant Wachovia agreed to give Plaintiffs $16,000.00 for repair cost. This term was a material fact related to the contract. Plaintiffs would not have known how the $16,000.00 was to be disclosed or even that the $16,000.00 was to be disclosed on the settlement statement. Defendant Flagship failed to include this amount on the settlement statement and failed to inform Plaintiffs that Defendant Wachovia would not pay them $16,000.00 as agreed for repairs. As the closing agent Defendant Flagship had a duty to review the terms and conditions of the sales contract between Plaintiffs and Defendant Wachovia to ensure proper receipt and disbursement of the sales proceeds. Additionally, as the closing agent, Defendant Flagship had a duty to prepare all closing documents because of its special knowledge in preparing real estate settlement documents. This failure induced Plaintiffs to proceed with the purchase of the property which they otherwise would not have done and as a result Defendants have suffered actual damages. Because Defendant Flagship, as closing agent, would have been aware of the terms of the entire contract, a cause of action for fraud does in fact exist. Therefore, this Court must find that Defendant Flagship is properly joined and remand this case to state court.

### Waiver of claims Against Defendant Flagship

In Alabama a waiver requires the intentional relinquishment of a known right and that intentional relinquishment must be show in an unequivocal manner. *Foremost Insurance Company et. al. v. Parham, et. al.*, 693 So. 2d 409, 425 (Ala. 1997). Waiver is normally an issue for the jury. *Id.*

Whether or not Plaintiffs waived its claims against Defendant Flagship by signing the settlement statement is a defense to Plaintiffs claims that should be put forth to a jury. Whether Plaintiffs were intentionally relinquishing a known right, is a question for a jury to determine. Defendants have not shown unequivocally that Plaintiffs intentional relinquished a known right. In order for Defendants position to be affirmed, Plaintiffs must have knowingly waived their right to $16,000.00, as well as, a right to claim this amount should it not be paid. The signature on the settlement statement is only an acknowledgment that figures are correct. It does not operate to waive rights, Plaintiff's damages for breach of contract or other torts. It was the responsibility of the closing agent to make sure that the settlement statement contained all of the necessary information. Plaintiffs would have in no way waived their contract right to $16,000.00.

### CONCLUSION

Based on the foregoing there exist causes of action against Defendant Flagship for intentional interference with a contract, negligence and fraud. Furthermore, Defendants have failed to provide sufficient evidence that Plaintiffs knowingly waived their claims against Defendant Flagship. Therefore, this Court must find that Defendant Flagship is properly joined and remand this case to state court.

Respectfully Submitted,

/s/Robert Simms Thompson

                Robert Simms Thompson, P.C.
                Tiffany Johnson
                Attorneys At Law
                308 North Elm Street
                Tuskegee, Alabama 36083
                (334) 727-6463

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have this date served a copy of the foregoing *Plaintiffs' Motion to Remand* upon:

**Victor Hayslip**
**William J. Long IV**
BURR & FORMAN, LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

by placing a copy of the same in the U.S. Mail, postage prepaid this 25th day of May 2007.

                /s/Robert Simms Thompson
                Robert Simms Thompson, P.C.

COUNTER OFFER/ADDENDUM Loan # 0549010225~~~~~  Johnson

THIS IS INTENDED TO BE A LEGALLY BINDING AGREEMENT
READ IT CAREFULLY



US [logo]
U.S Real Estate Services
26241 Constitution Dr
Lake Forest, CA 92630
Corporate    (949) 598-9920
Fax          (949) 598-9860

Reference is made to the Real Estate Purchase Contract and receipt for deposit dated December 09, 2005 pertaining to the Real Property known as 205 Edward Dr., Tuskegee, AL 36083 made between MR. & MRS. RONALD T. & PAULA M. CRAWFORD, hereafter referred to as "Buyer", and Wachovia Bank FKA Funb "Seller".

Sales price to be $77,000. Sale to close 30 calendar days from date of Seller's signed acceptance on this counter offer addendum, or sooner by written mutual agreement. Buyer agrees to pay $30.00 per diem if transaction does not close as stated above by no fault of the Seller. If an extension is requested by Buyer a non-refundable deposit will be required. Buyer to complete all inspections within 10 calendar days from Seller's signed acceptance. This offer is subject to final investor/Seller approval. Seller will credit buyer up to $ 4,000.00 in closing costs, Repair Costs of $ 10,000. Earnest deposit to be $750. This property is currently in a multiple offer situation and the seller reserves the right to counter/accept the offer they deem best.

Standard clauses to be made a permanent part of this contract:
- Buyer's minimum deposit amount to be the greater of 1% of sales price or $500.00.
- Buyer(s) agrees to deliver to Seller/Seller's agent signed purchase contract and Addenda within 4 (four) calendar days of Buyer's signature.
- Seller will not pay for nor credit Buyer(s) for VA, FHA or other loan/financing costs or fees; nor will they pay for or credit any other costs, fees, survey, home warranty plan, inspections or repairs unless otherwise stated and defined above.
- This contract cannot be extended or assigned without prior written approval from Seller. Seller will not provide financing. Property taxes shall be prorated to day of closing.
- It is understood between Buyer(s) and Seller that this property is being sold in "Where-is, As-Is" condition with no Seller representations or warranties, expressed or implied, by the Seller, Wachovia Bank FKA Funb, ResNet or the local listing agent.
- Buyer(s) to sign Seller's Addenda to be made part of original contract.
- Seller to advise who will have choice of Title/Escrow/Closing entity once property is under contract.
- In the event of a per diem charge, Buyer authorizes Seller to debit their escrow deposit to cover said charge(s).

Unless this counter offer is accepted by the Buyer(s) by December 30, 2005 this offer shall be deemed revoked. Seller reserves the right to continue to market said property and accept any contract of Seller's choosing prior to Seller's written acceptance of contract and counter offer/addendum(s).

This transaction is subject to acceptance and execution of the original purchase contract/ sales agreement and this counter offer addendum by Wachovia Bank FKA Funb, "Seller".

All other terms and conditions shall remain the same. This counter offer addendum supersedes all other counter offer addenda and the purchase contract/sales agreement. This counter offer addendum is accepted by the Buyer(s) and the Seller, as evidenced by Buyer(s) and Seller's signature hereon. This counter offer addendum shall hereby become part of the above referenced contract between the parties.

Acceptance: Buyer(s) accepts the above counter offer and acknowledges receipt thereof.

_[signature]_            12-30-05
_Paula M. Crawford_      12/30/05      9:25a
Buyer                    Date

Acceptance: Seller accepts the above counter offer and acknowledges receipt thereof.
Wachovia Bank FKA Funb
By _[signature]_ Donald [illegible]      1/17/06
Assistant Vice President



PLAINTIFF'S EXHIBIT A
Blumberg No. 5113

OMB NO. 2502-0265

| A. U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT<br>SETTLEMENT STATEMENT | B. TYPE OF LOAN: | | | | |
|---|---|---|---|---|---|
| | 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ CONV. UNINS. | 4. ☐ VA | 5. ☐ CONV. INS. |
| | 6. FILE NUMBER: 06-0042 | | 7. LOAN NUMBER: 3006021400 | | |
| | 8. MORTGAGE INS CASE NUMBER: | | | | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

1.0  3/98   (06-0042.PFD/06-0042/8)

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Ronald T. Crawford and<br>Paula M. Crawford<br>205 Edwards Drive<br>Tuskegee, AL 36083 | Wachovia Bank FKA Funb | Alethes, LLC<br>8601 RR 2222, Bldg. 1, Ste. 150<br>Auston, TX 78730 |

| G. PROPERTY LOCATION:<br>205 Edwards Drive<br>Tuskegee, AL 36083<br>Macon County, Alabama | H. SETTLEMENT AGENT:<br>Flagship Closing Services, LLC<br><br>PLACE OF SETTLEMENT<br>6707 Taylor Circle<br>Montgomery, AL  36117 | I. SETTLEMENT DATE:<br><br>February 22, 2006 |
|---|---|---|

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | 77,000.00 | 401. Contract Sales Price | 77,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 3,397.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/County Taxes       to | | 406. City/County Taxes       to | |
| 107. County Taxes       to | | 407. County Taxes       to | |
| 108. Assessments       to | | 408. Assessments       to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 80,397.00 | **420. GROSS AMOUNT DUE TO SELLER** | 77,000.00 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | 750.00 | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | 77,000.00 | 502. Settlement Charges to Seller (Line 1400) | 6,180.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first Mortgage | |
| 205. | | 505. Payoff of second Mortgage | |
| 206. | | 506. Deposit retained by broker | 750.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/County Taxes       to | | 510. City/County Taxes       to | |
| 211. County Taxes    10/01/05 to 02/22/06 | 487.09 | 511. County Taxes    10/01/05 to 02/22/06 | 487.09 |
| 212. Assessments       to | | 512. Assessments       to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 78,237.09 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 7,417.09 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 80,397.00 | 601. Gross Amount Due To Seller (Line 420) | 77,000.00 |
| 302. Less Amount Paid By/For Borrower (Line 220) | ( 78,237.09) | 602. Less Reductions Due Seller (Line 520) | ( 7,417.09) |
| 303. CASH ( X FROM ) ( TO ) BORROWER | 2,159.91 | 603. CASH ( X TO ) ( FROM ) SELLER | 69,582.91 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.
I HAVE CAREFULLY REVIEWED THE HUD-1 SETTLEMENT STATEMENT AND TO THE BEST OF MY KNOWLEDGE AND BELIEF, IT IS A TRUE AND ACCURATE STATEMENT OF ALL RECEIPTS AND DISBURSEMENTS MADE ON MY ACCOUNT OR BY ME IN THIS TRANSACTION. I FURTHER CERTIFY THAT I HAVE RECEIVED A COPY OF THE HUD-1 SETTLEMENT STATEMENT.

Borrower  *[signed]* Ronald T. Crawford
*[signed]* Paula M. Crawford

Seller  _____
Donna Whitney, Asst. Vice Pres. for Wachovia Bank FKA Funb

TO THE BEST OF MY KNOWLEDGE, THE HUD-1 SETTLEMENT STATEMENT WHICH I HAVE PREPARED IS A TRUE AND ACCURATE ACCOUNT OF THE FUNDS WHICH WERE RECEIVED AND HAVE BEEN OR WILL BE DISBURSED BY THE UNDERSIGNED AS PART OF THE SETTLEMENT OF THIS TRANSACTION.  *[signed]*
Flagship Closing Services, LLC
Settlement Agent

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE: TITLE 18 U.S. CODE SECTION 1001 & SECTION 1010.



PLAINTIFF'S EXHIBIT B

## L. SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL COMMISSION** Based on Price $ @ . % 3,850.00 | | | |
| Division of Commission (line 700) as Follows: | | | |
| 701. $ 1,540.00 to NS/VEST/4/U/1 Realty | Less Deposit Retained 750.00 | | |
| 702. $ 2,310.00 to Southern Realty | | | |
| 703. Commission Paid at Settlement | | | |
| 704. Home Warranty  to | | | 3,100.00 |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee  1.0000 %  to Alabama Financial | | 770.00 | |
| 802. Loan Discount  %  to Alethes, LLC | | | |
| 803. Appraisal Fee  to Alethes, LLC FBO Iverson Gandy POC $400.00 | | | |
| 804. Credit Report  to Alethes, LLC FBO Credco POC $30.00 | | | |
| 805. Underwriting Fee  to Alethes, LLC | | | |
| 806. Tax Service Fee  to | | 495.00 | |
| 807. Flood Certification Fee  to | | | |
| 808. Processing Fee  to Alabama Financial | | | |
| 809. Document Prep Fee  to Alethes, LLC | | | 499.00 |
| 810. Courier Fee | | | 300.00 |
| 811. Yield Spread Premium  Alabama Financial by Alethes POC $770.00 | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest From 02/22/06 to 03/01/06 @ $ 17.650000/day ( 7 days %) | | 123.55 | |
| 902. Mortgage Insurance Premium for  months to | | | |
| 903. Hazard Insurance Premium for  1.0 years to Robinson Bryant | | 725.00 | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard Insurance  3.000 months @ $ 60.42 per month | | 181.26 | |
| 1002. Mortgage Insurance  months @ $ 268.22 per month | | | |
| 1003. City/County Taxes  months @ $ per month | | | |
| 1004. County Taxes  7.000 months @ $ 102.89 per month | | 720.23 | |
| 1005. Assessments  months @ $ per month | | | |
| 1006.  months @ $ per month | | | |
| 1007.  months @ $ per month | | | |
| 1008. Aggregate Adjustment  months @ $ per month | | -411.54 | |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or Closing Fee  to Flagship Closing Services, LLC | | | |
| 1102. Abstract or Title Search Rev.  to Stephens, Millirons, Hammons, & Garrison, PC | | | 350.00 |
| 1103. Express Mail  to Flagship Closing Services, LLC | | | 340.00 |
| 1104. Title Insurance Binder  to and title insurance processing to FCS | | | 25.00 |
| 1105. Document Preparation  to | | | |
| 1106. Attorney's Fee  to Stephens, Millirons, Harrison & Gammons | | | |
| 1107. **Attorney's Fees for Prep.  to of Legal Documents | | | 300.00 |
| (includes above item numbers: ) | | | |
| 1108. Title Insurance  to Fidelity National Title Insurance Company | | | 319.50 |
| (includes above item numbers:1104 ) | | | |
| 1109. Lender's Coverage  $ 77,000.00 50.00 | | | |
| 1110. Owner's Coverage  $ 77,000.00 269.50 | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees: Deed $ 14.00; Mortgage $ 56.50; Releases $ | | | 70.50 |
| 1202. City/County Tax/Stamps: Deed ; Mortgage | | | |
| 1203. State Tax/Stamps:  Revenue Stamps ; Mortgage 115.50 | | 23.50 | 92.00 |
| 1204. Record Lein Waver  to Judge of Probate | | | 14.00 |
| 1205. | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey  to | | | |
| 1302. Pest Inspection  to | | | |
| 1303. Additional Commission  to US Real Estate Services, Inc. | | | 770.00 |
| 1304. Doc Prep Fee/ Cancellation Fee  to Lateefah Muhammad, PC | | 770.00 | |
| 1305. | | | |
| **1400. TOTAL SETTLEMENT CHARGES** (Enter on Lines 103, Section J and 502, Section K) | | 3,397.00 | 6,180.00 |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

*[signature]*
Flagship Closing Services, LLC
Settlement Agent

Certified to be a true copy.

( 06-0042 / 06-0042 / 9 )